**AMERICAN GROCERY CO., Inc., v. ABRAHAM.**

No. 3385.

Court of Civil Appeals of Texas. El Paso.

May 14, 1936.

Rehearing Denied June 4, 1936.

Lea & Edwards, of El Paso, for appellant.

McBroom & Clayton, of El Paso, for appellee.

PELPHREY, Chief Justice.

This suit was instituted by Mary Abraham, appellee, against American Grocery Company, appellant, in the Sixty-Fifth dis-

trict court, El Paso county, Tex., to recover damages for personal injuries and property damage sustained by appellee in a collision between appellee's automobile and a truck belonging to appellant, at the intersection of Cotton avenue and East Yandell boulevard, in the city of El Paso, the plaintiff alleging that she was proceeding in a proper and lawful manner, in a southerly direction, along Cotton avenue and that she had entered the intersection with East Yandell boulevard and was virtually across the intersection when her automobile was struck from the right and rear by an automobile truck driven by the defendant's agent, traveling easterly along East Yandell boulevard; that as a result of the collision her car was overturned and knocked across the street and was completely demolished, and the plaintiff suffered severe bodily injuries, the extent of her damage and the amount of recovery sought being $5,000.

The plaintiff alleged that the collision resulted from the negligence of defendant's agent, J. Casternas, in the following particulars:

(a) He negligently failed to drive said truck at such a rate of speed in passing a street car standing at said intersection as not to injure or endanger the plaintiff.

(b) He negligently drove said truck into the intersection without first ascertaining whether or not other vehicles had entered said intersection from the north.

(c) He negligently entered the intersection after the plaintiff had already entered it from the north.

(d) He negligently failed to keep a lookout for persons and vehicles in the street at and near the place of said accident.

(e) He was operating said motor vehicle at a high rate of speed in excess of twenty miles an hour in violation of law.

(f) He was operating said truck at an unreasonable rate of speed, taking into consideration the circumstances at the time of the accident.

The defendant answered by general demurrer, general denial, and plea of contributory negligence.

In response to the forty-seven special issues, the jury found that defendant's agent was guilty of negligence in the particulars complained of, proximately causing the collision and the plaintiff's consequent injuries, that the plaintiff was not guilty of contributory negligence, and that the collision was not the result of an unavoidable accident. The jury found that the sum of $150 was reasonable compensation to the plaintiff for personal injuries sustained, and that the sum of $200 represented the difference between the market value of plaintiff's automobile just before and just after the accident. In pursuance to this verdict, judgment was entered for the plaintiff in the sum of $350.

From such judgment, this appeal has been prosecuted.

### Opinion.

Appellant under six points of appeal contends that it was entitled to have a verdict directed in its favor; that the court erred in submitting certain issues; and that the court should have discharged the jury and declared a mistrial because of improper argument by appellee's counsel.

The contention relative to a directed verdict is based upon the assertion that the evidence shows appellee to have been guilty of contributory negligence as a matter of law in failing to yield the right of way to appellant's truck in accordance with the terms of article 801(E) of the Penal Code, in failing to keep an ordinary and careful lookout; and that the accident was, in any event, unavoidable.

■ The action of a trial court in refusing to direct a verdict is presumed to be correct, unless the contrary appears from the record, and in passing upon the correctness of such action it is the duty of an appellate court to discard all adverse evidence, give credit to all evidence favorable to appellee, and to indulge every legitimate favorable conclusion therefrom. Cartwright v. Canode, 106 Tex. 502, 507, 171 S.W. 696; Pendell v. Apodaca (Tex. Civ.App.) 221 S.W. 682; Rawleigh Co. v. Smith (Tex.Civ.App.) 231 S.W. 799; Selz, Schwab & Co. v. Shipman (Tex.Civ. App.) 230 S.W. 842.

■ While it is true that article 801 (E) requires the operator of a motor vehicle approaching an intersection to yield the right of way to a vehicle approaching the intersection from his right, this statute, as said by the Beaumont Court of Civil Appeals, must be given a reasonable interpretation. Jimmie Guest Motor Co. v. Olcott, 26 S.W.(2d) 373.

There is evidence in the record before us from which it might be deduced that the

truck of appellant was such a distance from the intersection at the time appellee entered it that she might have reasonably concluded that there was no danger of a collision.

■ There is also evidence that appellant's truck, without being obliged to do so, had come to a stop west of the intersection. Under either of these conditions appellee could not be said to be guilty of negligence as a matter of law. If, as she entered the intersection, she found no one approaching from the right within such distance as reasonably to indicate danger of collision, she was under no obligation to stop and wait, and if, as she entered the intersection, she saw that the vehicle approaching the intersection from her right had come to a stop without any obligation on the part of the operator to do so, then certainly she would be entitled to proceed depending upon the fact that the operator of the other car had waived his right to cross the intersection first. At least her proceeding under such conditions could not be said to be negligence as a matter of law.

It may be said that appellee was not aware of the fact that appellant's driver had stopped before going into the intersection, but the fact remains that if the truck had been moving, she would have seen it in time to have yielded it the right of way.

Nor do we think that appellant can now be heard to say that despite the fact that its truck stopped behind the street car where appellee had no right to expect it to be she would be guilty of negligence as a matter of law for failing to stop until she had investigated its whereabouts.

What has just been said disposes of the assertion that appellee did not keep an ordinary and careful lookout. Nor do we think the evidence shows the accident to have been unavoidable as a matter of law.

The trial court submitted question No. 22, reading: "Do you find from a preponderance of the evidence that Mary Abraham failed to yield the right-of-way to defendant's truck?"

Appellant requested the court to instruct the jury as to the provisions of article 801 (E), in connection with such issue, and now complains of the trial court's refusal to do so.

The trial court submitted question No. 40, which reads: "Did plaintiff, on approaching the intersection complained of, find no one approaching it from the right within such distance as reasonably to indicate danger of collision?"

■ This question correctly submitted the issue, and, if there was error in failing to give the requested explanation of right of way, in connection with question No. 22, it was rendered harmless by the answer of the jury to question No. 40.

The objection to the submission of supplemental question No. 40 is without merit.

J. H. McBroom, attorney for appellee, in his closing argument said to the jury: "I ask you to answer Questions numbers 1 to 16 'yes,' and Question No. 40 'yes,' and all others 'no' "; again he asked the jury to "consider the conduct of all professional truck drivers in deciding whether defendant's truck driver stopped back of the car," and told them that they "know that none of these drivers ever stopped except where the law of the road compels them to do so." This argument was objected to by appellant's counsel following the argument, and the court was asked to discharge the jury and declare a mistrial.

■ It has repeatedly been held that counsel may tell the jury to answer certain questions in one manner and others in another. Dallas Ry. & Terminal Co. v. Bankston (Tex.Com.App.) 51 S.W.(2d) 304; Texas & N. O. Ry. Co. v. McGinnis (Tex.Civ.App.) 81 S.W.(2d) 200; Galbraith-Foxworth Lumber Co. v. Gerneth (Tex.Civ.App.) 66 S.W.(2d) 471 (writ dismissed).

■ That appellant's truck driver was a professional one cannot be questioned, and that fact could properly be called to the attention of the jury for its consideration of the question whether or not he stopped back of the street car. Appellant did not object to the argument when made; neither did its counsel request the court to instruct the jury to disregard the argument.

Appellee was suing for damages in the sum of $5,000, and the jury found only $350. This certainly shows a lack of passion or prejudice in the jury's mind and contradicts the assertion that it was improperly influenced by the argument of counsel.

The judgment of the trial court will be affirmed.