# UNITED STATES v. CITY OF PHILADELPHIA et al.

## Nos. 8354, 8404.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 22, 1943.

Decided Jan. 7, 1944.

Robert T. McCracken, of Philadelphia, Pa. (William H. Lathrop, Samuel Fessenden, Robert McCay Green, City Sol., and Michael D. Hayes, Asst. City Sol., all of Philadelphia, Pa., on the brief), for appellants.

S. Billingsley Hill, of Washington, D. C., (Norman M. Littell, Asst. Atty. Gen., Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before JONES, GOODRICH, and McLAUGHLIN, Circuit Judges.

JONES, Circuit Judge.

On motion under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the District Court summarily entered judgment for the plaintiff on the pleadings. The defendants have severally appealed. The questions involved are (1) whether a material issue of fact was raised by the pleadings and, if not, (2) whether the well pleaded averments of the complaint and the amendment justify the action taken by the court below.

The judgment appealed from eventuated in a suit instituted by the United States in behalf of the United States Housing Corporation against the City of Philadelphia, the School District of Philadelphia and the Receiver of Taxes of the City of Philadelphia, the latter being an officer of the City who also functioned for the School District in its collection of taxes. The suit had for its purpose the procurement of a decree or order adjudging and declaring that certain real estate in the City of Phildelphia, owned by the Housing Corporation, was free and clear of all taxes, interest, penalties and tax liens imposed or attempted to be imposed by the municipal defendants with respect to such properties, that the taxes, interest and penalties levied against the properties did not constitute liens thereon and that the defendants and each of them should cancel the liens of said taxes, interest and penalties and remove the properties from the tax rolls.

The complaint showed that in 1919 the United States Housing Corporation, an instrumentality of the federal government, incorporated and organized under certain Acts of Congress, [1] in order to effectuate the direction of Congress to provide housing for those engaged in the national defense during World War I, purchased and improved with moneys furnished by the United States certain identified properties in the City of Philadelphia, the legal title whereto was taken and held by the Housing Corporation exclusively for the public purposes as defined and prescribed by Congress.

The complaint also averred that during the Housing Corporation's ownership of the properties above referred to and particularly between the years 1920 and 1942 inclusive, the defendants, the City of Philadelphia and the School District of Philadelphia, being public corporations of the Commonwealth of Pennsylvania, had levied taxes, interest and penalties against said properties, that the municipal defendants have purported to impress the taxes, interest and penalties, so levied, as liens against the Housing Corporation's properties, that the defendants were maintaining upon the tax records entries purporting to evidence the existence of liens and that they had thereby created clouds upon the Housing Corporation's title to said properties and had rendered impossible a sale of the properties free from encumbrances.

The plaintiff filed an amended complaint averring that after the Housing Corporation's original acquisition of the properties, it had entered into agreements "for the sale of said properties to private persons but the legal title to said properties remained in the Corporation" and that because of the purchasers' failure to comply with the terms of sale, the "agreements were properly cancelled pursuant to provisions contained therein." The amended complaint further averred that the plaintiff had instituted suits in the District Court to foreclose the equitable interests of the defaulting purchasers of the properties and that a judgment had been entered against each of the defaulting purchasers barring and forever enjoining them from making any claim or asserting any right, title or interest of any kind in or to said properties or from interfering in any manner with the Housing Corporation's possession thereof.

The matter which the defendants stress as having been put in issue by their answers is the averment in the amended complaint that the agreements for the sale of the properties to private purchasers were properly cancelled pursuant to pro-

[1] Act of May 16, 1918, 40 Stat. 550, and Act of June 4, 1918, 40 Stat. 595.

visions contained therein. As to that, the defendants deny any knowledge and demand proof. In their brief they hint at possible collusion between the Housing Corporation and the defaulting purchasers to the end that a large number of the latter (213 out of a total of 298), represented by the same attorney, severally suffered judgments of foreclosure to be entered against them by default and, as it later developed, are now in possession of the respective premises under use and occupancy agreements with privileges of purchase. While the agreements were not a formal part of the pleadings in the instant suit, they were of record in the several suits by the plaintiff against the individual purchasers in the same court, and the court was at liberty to take judicial notice of them on the motion for summary judgment. See De Bearn v. Safe Deposit & Trust Company, 233 U.S. 24, 32, 34 S.Ct. 584, 58 L.Ed. 833; Dimmick v. Tompkins, 194 U.S. 540, 548, 24 S.Ct. 780, 48 L.Ed. 1110; Morse v. Lewis, 4 Cir., 54 F.2d 1027, 1029. Rule 56, which allows for the use of supporting affidavits in aid of a motion for summary judgment, does not preclude a court's reference to its own public records.

Even when buttressed by the suspicion of possible collusive action which the defendants suggest, their general denials as to the regularity of the cancellations fall far short of putting the plaintiff to proof of the Housing Corporation's good faith in cancelling the defaulted sales agreements. The legally conclusive answer, however, is that the averment of the amended complaint that the sales agreements were properly cancelled pursuant to provisions therein contained was immaterial to the cause of action. It was upon that basis that the court below dealt with the matter. The complaint averred the Housing Corporation's original acquisition of the properties, its continuing legal title thereto at all times and the due and unimpeached judgments of a court of competent jurisdiction which barred and foreclosed any right in the properties on the part of the defaulted purchasers. Nothing more was needed to warrant the District Court in proceeding to adjudicate the plaintiff's right to the relief sought.

■■ On the merits, the appellants contend that the several judgments entered by the District Court against the individual purchasers, barring each of them from any and all interest in the properties of the Housing Corporation on account of their prior purchases, were wholly ineffectual to bind the present municipal defendants inasmuch as they were not parties to the suits against the individual purchasers. But there was no occasion, and therefore no need, to make them parties. The agreements which the Housing Corporation cancelled were between that Corporation and the individual purchasers named therein. No other persons acquired any rights therein or thereunder. The most that could be said for the municipalities is that their rights were incidental to the rights acquired by the purchasers under the agreements, i.e. they were incidental beneficiaries. Restatement, Contracts (1932) § 133. But, as such, they had no interest that was legally cognizable in the government's suits to terminate and defeat the purchasers' rights under the agreements. Restatement, Contracts (1932) § 147. All proper and necessary parties to the suits for the foreclosure of the purchasers' rights under the agreements having been before the court, the present defendants as well as all others were concluded by the judgments entered therein. Restatement, Judgments (1942) § 110, comment (a).

■ The appellants further contend that the liens imposed for taxes levied and assessed against the several properties while the sales agreements were still extant constitute vested rights which could not be destroyed by the cancellation of the agreements. In support of this contention the appellants cite and rely upon the decision in City of New Brunswick v. United States, 276 U.S. 547, 48 S.Ct. 371, 72 L.Ed. 693; which was followed in City of Philadelphia v. Myers, 102 Pa.Super. 424, 157 A. 13. In the New Brunswick case, under agreements of sale like those in the instant case, the Supreme Court held that taxes levied by a municipality are valid and enforceable against the equitable owner of property purchased from the United States or an instrumentality thereof where the purchaser continues to be entitled currently to a conveyance under the agreement of sale. In the New Brunswick case the Housing Corporation had elected to keep the sales agreements in force so that not only did the equitable title in the purchaser remain outstanding but he was also entitled to a deed of conveyance upon giving in exchange notes for the unpaid balance of the purchase price secured by a mortgage of the purchased property. In the instant case the

agreements were not continued in force but were cancelled as their terms permitted and judgments were duly entered by the court against the individual purchasers forever barring any interests in the properties which may have attached by reason of the agreements. Thereby, the complete legal and equitable title to the properties was confirmed in the Housing Corporation. Nor did the appellants' liens for taxes constitute any barrier to such full restoration of the title. See Maricopa County v. Valley Bank, 318 U.S. 357, 361–362, 63 S.Ct. 587.

Since the properties at all times herein material have been, and now are, owned and held by an instrumentality of the United States for a public purpose, the purported liens for taxes levied and assessed by the municipal defendants are not enforceable. Cf. Clallam County v. United States, 263 U.S. 341, 44 S.Ct. 121, 68 L.Ed. 328. United States Shipping Board E. F. Corp. v. Delaware County, 3 Cir., 17 F.2d 40. The District Court, therefore, correctly decreed their cancellations of record.

The judgment of the District Court is affirmed.