## CHECKER CAB CO. et al. v. WAGNER.
### No. 4485.

Court of Civil Appeals of Texas. El Paso.
Dec. 5, 1946.

Andress, Lipscomb & Peticolas, of El Paso, for appellants.

John T. Hill, of El Paso, for appellee.

McGILL, Justice.

This was a suit for personal injuries and damage to appellee's automobile as a result of a collision between appellee's automobile, operated by him, and a taxicab operated by an employee of appellants. Trial was to a jury. On answers to special issues submitted the court rendered judgment in favor of appellee against appellants for $694 as damage to appellee's automobile. No recovery was allowed for personal injuries.

The collision occurred at the intersection of East Yandell Boulevard and Noble Street in the city of El Paso, Texas, on February 12, 1946. Yandell Boulevard runs approximately east and west, and Noble Street approximately north and south, and the streets intersect at approximate right angles. At the time of the collision appellee was proceeding west on Yandell Boulevard and the taxicab was proceeding north on Noble Street.

Appellants present two points: That the court erred in overruling their motion for judgment non obstante veredicto because of the finding that the taxicab entered the intersection first and under the provisions of Section 20, Article V, of a traffic ordinance of the city of El Paso had the right of way in the intersection over the automobile operated by appellee, and the driver owed no duty to go to the rear of the automobile, and his failure to do so was not negligence as a matter of law; that the court erred in failing to grant appellants' motion for a new trial because under the ordinance referred to the taxicab had the right of way.

The findings on which appellee relies to sustain the judgment are: The driver of the taxicab attempted to go in front of plaintiff instead of going to the rear and to the right; in so doing he was negligent; such negligence was the proximate cause of the collision; and the difference between the market value of plaintiff's car just before and just after the collision was $694.

To sustain their points appellants rely on findings that the taxicab entered the intersection before the automobile driven by the plaintiff and that the plaintiff failed to yield the right of way to the taxicab.

The ordinance referred to is as follows:

"An Ordinance Regulating Vehicular Traffic and Defining and Regulating Pedestrial Traffic in the City of El Paso. Sec. 20 provided as follows:

"Section 20: Vehicles approaching or entering intersections.

"(a) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which already had entered the intersection from a different highway.

"(b) When two vehicles enter an intersection from different highways at the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

■ It is unnecessary to determine whether or not this ordinance is void, because in conflict with Article 801, Section (E) of the Penal Code, as urged by appellee. Of course appellants were not entitled to judgment non obstante on the theory that the taxicab had the right of way under the ordinance because it had entered the intersection before the automobile, when they must necessarily rely on the verdict to establish this fact. If we should, in the absence of a point raised in their brief, consider the court's action in overruling appellants' motion for judgment with the error urged in overruling the motion for new trial, yet there was no error. Although there is conflict of authority in other jurisdictions (see Annotations 89 A.L.R. 838; 136 A.L.R. 1497) the weight of authority and the settled rule in this State is that "The right of way rule is not absolute but relative, and subject to the qualification that a person entitled to claim that right will exercise it with proper regard for the safety of himself and others." Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910, 912, Wr.Ref.; Sherwin-Williams Co. of Texas v. Delahoussaye, Tex.Civ.App., 124 S.W. 2d 870, Wr.Dis.; Cruse v. Chacon, Tex.Civ. App., 67 S.W.2d 399, Wr.Dis.

■ In arriving at their finding that the attempt of the driver of the taxicab to go in front of plaintiff instead of to the rear and to the right was negligence, the jury no doubt considered that the taxi had entered the intersection before the automobile and under the ordinance had the right of way. On this record it was within their province to so consider. Their finding is not attacked, and with the other findings supports the judgment. There are no findings that plaintiff's failure to yield the right of way was negligence or a proximate cause of the damage, and the finding that he did so fail is therefore immaterial.

The judgment is affirmed.