**PRESSLER v. MOODY et al.**

No. 12145.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 27, 1950.

G. Woodson Morris, San Antonio, for appellant.

Moursund, Ball, Moursund & Bergstrom, and Charles W. Barrow, Travis Moursund, all of San Antonio, for appellees.

POPE, Justice.

Appellant, Frank Pressler, instituted suit against appellees, Wayland P. Moody and his son, Wayland P. Moody II, for damages arising out of an automobile intersection collision and appellee Wayland P. Moody cross-acted. Wayland P. Moody II was driving his father's automobile at the time of the accident. The jury answered appellant's affirmative issues adversely to him, and on the cross-action found that appellant failed to keep a proper lookout, failed to yield the right-of-way to the driver of appellee's car, and that these failures each proximately caused the collision. The trial court rendered judgment on the verdict for appellees in the sum of $457.93.

No complaint is made about the submission of or findings on the issues concerning look-out, but appellant complains that the court, under the pleadings and evidence, erred in submitting to the jury as one of the plaintiff's issues, an inquiry whether appellant first entered the intersection. He also urges that the trial court, under the pleadings and evidence, erred in submitting a defense issue inquiring whether the two vehicles reached the intersection at approximately the same time. Appellant takes the view that the undisputed evidence showed that he had the right-of-way. Since appellant's issue on proximate cause was conditioned on an affirmative finding to the inquiry as to whether appellant first entered the intersection, and since the jury answered the issue in the negative and therefore could not reach the subsidiary issue, appellant contends that the jury never had an opportunity to answer an issue which may have resulted in a different judgment.

■ An examination of the pleadings leads us to the conclusion that the two issues under attack were properly raised by the pleadings. Appellant alleged as his first ground of negligence, "that at said time and place, the driver of defendant's automobile failed to yield the right-of-way to plaintiff." Appellee in his cross-action alleged that appellant was negligent in that he "failed to yield the right-of-way to the automobile which entered the intersection to his right as required by law." In other words, each party alleged that the other failed to yield the right-of-way, and the court submitted preliminary fact issues for both plaintiff and defendant to determine which did have the right-of-way. Plaintiff, in order to claim the right-of-way, was required to show under his pleading that he was first in the intersection, since the other vehicle was in fact to his right. The defendant, in order to claim the right-of-way at least was required to show under his pleadings that the two vehicles reached the intersection at approximately the same time. The burden was upon each of the parties to prove their claim to the right-of-way, and until this was done no subsidiary issues could be submitted. Dallas Railway & Terminal Co. v. Orr., Tex.Civ.App., 215 S.W.2d 862, Id., Tex.Civ.App., 210 S.W.2d 863; Article 6701d, § 71, Vernon's Ann. Civ.Stats., Uniform Act Regulating Traffic on Highways.

■ Appellant contends also that the undisputed evidence showed that he was the first to enter the intersection, that the two issues above discussed should not have been submitted, and that the answers should have been disregarded. We have only to determine whether there was a conflict in the evidence sufficient to raise the jury issues. Standard Accident Ins. Co. v. Williams, Tex.Com.App., 14 S.W.2d 1015, Id., Tex.Civ.App., 4 S.W.2d 1023; Texas City Terminal Ry. Co. v. McLemore, Tex.Civ. App., 225 S.W.2d 1007; 41 Tex.Jur. p. 1041.

The testimony shows, among many other things, that the intersection is situated within the City of San Antonio and that appellant approached it while proceeding in a southerly direction. The driver of appellee's car approached the intersection proceeding in an easterly direction. Admittedly, appellee's vehicle was to appellant's right. The vision to the left of appellee and appellant's vision to his right were obscured by a fence, weeds and shrubbery along the northwest intersection corner. There was much testimony as to the speed of the two vehicles, skid marks, force of the impact, and the movement of the cars after the impact. The collision occurred at about the center of the intersection. There was

positive testimony by appellee that the two vehicles entered the intersection at the same time, or about the same time, as he had alleged and as was his burden to prove. This statement alone would be sufficient to require a jury finding, not only on appellee's theory of having the right-of-way by reason of both cars entering the intersection at approximately the same time, but also on appellant's theory that he entered the intersection first. An additional circumstance is appellant's failure to deny this positive statement. He states that he did not see any car to the right until the collision actually occurred, but he does not undertake to say who first arrived at the intersection. While there is contrary evidence, from which appellant can draw strong deductions, we can not say that the issue was not raised. Moncada v. Snyder, 137 Tex. 112, 152 S.W.2d 1077; Kersey v. Swidler, Tex.Civ.App., 223 S.W.2d 242.

 The court's refusal to give one of appellant's special issues is the final matter raised by appellant. Appellant alleged, among other grounds of negligence, that the driver of appellee's car "did not use his brakes to stop his automobile before running into plaintiff's automobile" and in another separate ground of negligence, that the driver of appellee's automobile "failed to stop his truck before running into plaintiff's automobile." Omitting the issues on proximate cause, the court submitted these issues relating to this matter:

"13a. Do you find from a preponderance of the evidence that the driver of defendant's automobile failed to apply the brakes on said automobile prior to said collision?"

"16. Do you find from a preponderance of the evidence that the failure of the driver of defendant's automobile to stop said automobile prior to said collision constituted negligence?"

The court refused appellant's timely requested Issue No. 1, which was as follows: "Do you find from a preponderance of the evidence that at the time of and immediately prior to the collision in question the driver of defendant's automobile failed to apply his brakes in time to avoid the accident in question?"

It is believed that the trial judge fairly submitted the controlling issues made by the pleadings. Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951; Gulf, C. & S. F. Ry. Co. v. Jones, Tex.Civ.App., 221 S.W.2d 1010, ref. N.R.E.; Gillette Motor Transportation Co. v. Whitfield, Tex.Civ. App., 197 S.W.2d 157; Texas & New Orleans Ry. Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264; Rule 279, Texas Rules Civil Procedure.

 If, however, the additional words, "in time to avoid the accident in question" used in the requested charge, possess a meaning significant and different from the words in the court's charge, as urged by appellant, then it is believed that such phrase should have been alleged in the pleading, if desired as an issue. The trial court is necessarily governed by the written pleadings in forming the issues to be submitted to a jury. Safety Casualty Co. v. Teets, Tex.Civ.App., 195 S.W.2d 769, ref. N.R.E.; Employers' Reinsurance Corporation v. Brantley, Tex.Civ.App., 173 S.W.2d 233.

The judgment is affirmed.