**FERRIS v. STABLEFORD et al.**

No. 10031.

Court of Civil Appeals of Texas. Austin.

April 2, 1952.

Rehearing Denied April 23, 1952.

Bagby & Winters, by J. Sam Winters, all of Austin, for appellant.

Hart, Brown & Sparks, by Frank C. Erwin, Jr., all of Austin, for appellees.

ARCHER, Chief Justice.

This appeal is from a judgment of the District Court, arising out of an automobile collision at an intersection of San Antonio Street and West Eighth Street in the City of Austin, Texas, on February 22, 1949, at approximately 9:30 a. m.

Appellant, Saadi A. Ferris, II, was proceeding in a southerly direction on San Antonio Street, and at approximately the same time Edward Allen, an employee of appellees, was proceeding in a westerly direction on West Eighth Street, approaching the intersection of West Eighth Street and San Antonio Street. This intersection is not controlled by traffic signals.

The suit was instituted by appellees against appellant for damages growing out of a collision at the intersection of the mentioned streets, and a trial was begun with a jury, plaintiffs had offered their evidence, and a motion for instructed ver-

dict filed by the defendant was overruled, and prior to the introduction of evidence by defendant the case was withdrawn from the jury by agreement and the cause was submitted to the court upon depositions previously taken of Allen, Prim, and Saadi A. Ferris, II.

The court rendered judgment for the plaintiffs. Findings of fact and conclusions of law were made and filed by the court.

The appeal is founded on five points, the first is that as a matter of law Allen was negligent in failing to yield the right of way; the second is that the findings of negligence on the part of Ferris in driving too fast, failing to keep a proper lookout, failing to stop, and failing to have his automobile under proper control are immaterial and irrelevant, because they are contrary to the undisputed evidence and are mere component parts of the primary issue of the failure of Allen to yield the right of way; and third, fourth and fifth are the error of the court in sustaining appellees' special exceptions one and two concerning the failure of Allen to have a driver's license and refusing to allow evidence to be offered thereon.

In the findings of fact the court found that Saadi A. Ferris, II was driving at a greater rate of speed than was reasonable and prudent under the then existing circumstances; that this was negligence and a proximate cause of the collision. The court further found that Ferris failed to keep a proper lookout and that this was negligence and a proximate cause of the collision; that Ferris could have brought his car to a stop before colliding with the car driven by Allen, that he failed to do so; that this was negligence and a proximate cause of the collision; further findings were made that Ferris did not have his car under proper control and that this was negligence and a proximate cause of the collision.

The court found that the automobile driven by Allen entered the intersection as Ferris was approaching in his car; that Allen entered the intersection before Ferris did; that the two cars did not enter the intersection from different highways at approximately the same time; that Ferris failed to yield the right of way to Allen and that such failure was negligence and a proximate cause of the collision.

Further findings were that Allen did not discover the peril of Ferris within such time and distance as by the use of the means at hand, consistent with safety of himself and car, he could exercise ordinary care; that the damages to plaintiffs' automobile were in the sum of $347.55; further findings were made acquitting Allen of negligence in the manner in which he was operating the car he was driving.

The court concluded as a matter of law that Allen had the right of way and was not negligent; that the actionable negligence of Ferris was a proximate cause of the collision and that the law and facts were with the plaintiffs and they should have judgment.

We believe that there was no error in the court's action in entering the judgment herein and that the evidence supports the findings of fact, and the conclusions of law with reference to the question of right of way in the intersection are not in conflict with the provisions of Section 71 of Article 6701d, Vernon's Ann.Civ.St.

All reasonable presumptions and every reasonable doubt as to the facts must be resolved in support of the findings, and of appellee's version of the facts.

The testimony given by Allen is that as he approached the intersection he was driving on his right-hand side of West Eighth Street and slowed his car, and as he reached the east edge of the intersection he shifted to low gear and did not see any moving traffic; that he moved slowly into San Antonio Street and Eighth Street and when about 15 feet into the intersection he saw the Ferris car about 50 or 60 feet north of the intersection and it "was going plenty fast"; that he was driving 10 or 15 miles per hour and upon seeing the Ferris car he applied his brakes and brought his car to a stop; that he had no time to do anything to avoid the collision; that the car driven by Ferris did not stop but

crashed into the right side of the car driven by Allen near the front of the right front door.

Testimony was given by a traffic officer that the streets are 40 feet wide; that the point of initial impact was six and one-half feet west of the center line of San Antonio Street. The Allen car made 8 feet of light skid marks up to the point of impact, and was driven sideways to the south a distance of 8 feet; the Ferris car made 22 feet of heavy skid marks up to the point of impact.

Ferris testified he was driving 25 to 30 miles per hour as he approached the intersection, and had looked to his right and his left for automobiles entering the intersection on West Eighth Street from either the west or east and saw Allen driving into the intersection and that it appeared to him that both cars were entering the intersection at the same time.

The appellants say:

"The principal issue involved in this case is whether or not Appellant, Saadi A. Ferris, II., was entitled to the right-of-way at the intersection in question, and if so, whether the failure of Edward Allen to yield the right-of-way was negligence and a proximate cause of the collision, or whether Edward Allen was entitled to the right-of-way at the intersection in question at the time and place in question and Appellant, Saadi A. Ferris, II., failed to yield such right-of-way."

The Texas Motor Vehicle Act, Article 6701d, Section 71, Vernon's Revised Civil Statutes, provides:

"(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"(b) When two (2) vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

Appellants in support of their position cite some Texas cases, decided prior to the repeal of Article 801(E), Vernon's Ann.P.C., and a large number of out of State cases construing the two types of statutes in an identical manner, and that although Article 801(E) was repealed by the enactment of Article 6701d, supra, that the prior decisions should be given deference in construing the present article.

We believe that the statutes have been construed adversely to that contended for by appellants in some recent Texas cases.

In Pressler v. Moody, Tex.Civ.App., 233 S.W.2d 165, the Court was considering Section 71 of Article 6701d, cited with approval in Dallas Railway & Terminal Co. v. Orr, Tex.Civ.App., 210 S.W.2d 863, affirmed in 147 Tex. 383, 215 S.W.2d 862 (Supreme Court), and held:

"An examination of the pleadings leads us to the conclusion that the two issues under attack were properly raised by the pleadings. Appellant alleged as his first ground of negligence, 'that at said time and place, the driver of defendant's automobile failed to yield the right-of-way to plaintiff.' Appellee in his cross-action alleged that appellant was negligent in that he 'failed to yield the right-of-way to the automobile which entered the intersection to his right as required by law.' In other words, each party alleged that the other failed to yield the right-of-way, and the court submitted preliminary fact issues for both plaintiff and defendant to determine which did have the right-of-way. Plaintiff, in order to claim the right-of-way, was required to show under his pleading that he was first in the intersection, since the other vehicle was in fact to his right. The defendant, in order to claim the right-of-way at least was required to show under his pleadings that the two vehicles reached the intersection at approximately the same time. The burden was upon each of the parties to prove [this] claim to the right-of-way, and until this was done no subsidiary issues could be submitted. Dallas Railway & Terminal Co. v. Orr, [147 Tex. 383], 215 S.W.2d 862, Id., Tex.Civ.App., 210 S.W.2d 863; Arti-

cle 6701d, § 71, Vernon's Ann.Civ. Stats., Uniform Act Regulating Traffic on Highways." [233 S.W.2d 166.] Lightfoot v. Hart, Tex.Civ.App., 224 S.W.2d 726, error dism.

We do not believe that the action of the court in excluding from the pleadings and evidence reference to the failure of Allen to have a valid Texas driver's license constituted reversible error.

Allen testified that he had driven cars for a number of years; that he had had a driver's license but it had expired, but subsequent to the collision he had obtained a license.

Appellees stipulated that Allen was their employee and was at the time of the accident acting in the scope and course of such employment. This was done to establish the legal responsibility of the appellees for the acts and commissions of the driver, Allen, in operating the automobile.

We have reviewed the testimony as to the acts of both Allen and Ferris and the findings of the court of negligence, proximating the cause of the injury on the part of Ferris and further findings acquitting Allen of any negligence, and no useful purpose would be accomplished by restating the evidence.

In Spratling v. Butler, Tex., 240 S.W.2d 1016, the Court, quoting from Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, held that:

"* * * wherein we recognized that negligence in entrusting a motor vehicle to an unlicensed driver must be proved to have been a proximate cause of the plaintiff's injuries and then stated how it may be shown: 'In order to establish proximate causation, plaintiff must show that Dickson (unlicensed driver) operated the automobile negligently (that is, in a manner that was negligent regardless of the lack of a driver's license) and that such negligence was a proximate cause of the collision. * * * If, after the automobile is entrusted to such driver, he operates it negligently, and thereby causes damages to a third person, the causal connection is shown between the negligence of the owner in lending him the automobile and the damage to the third person.'" [240 S.W.2d 1017.]

The judgment of the trial court is affirmed.

Affirmed.