WARREN PETROLEUM CORPORATION
et al., Appellants,

v.

Sterling PYEATT, Appellee.

No. 6761.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 13, 1955.

Rehearing Denied Feb. 10, 1955.

Ramey, Calhoun, Brelsford & Hull, Jack W. Flock, O. C. Funderburk, Tyler, Earl Roberts, Longview, for appellants.

Kenley, Sharp & Ritter, Earl Sharp, Longview, for appellee.

DAVIS, Justice.

This is an appeal from the judgment of the trial court in a case which resulted from an automobile and pick-up truck collision at a highway intersection in Gregg County. The collision occurred in the South lane of a highway that runs East and West. and the automobile driven by defendant Sherwin struck the pick-up being driven by plaintiff on the right side and about where the door fastens.

Plaintiff, Sterling Pyeatt, sued defendants, Warren Petroleum Corporation and W. C. (Bill) Sherwin, alleging many acts of negligence on the part of defendant Sherwin, while in the course of his employment as an agent, servant and employee of defendant Warren Petroleum Corporation. The agency is not denied. The highways, both paved, crossed almost at right angles, and ran North and South and East and West. Plaintiff was driving South in a pick-up belonging to Swaim Operating Company and defendant Sherwin was driving East in an automobile belonging to defendant Warren Petroleum Corporation.

Trial was to a jury which found in respects to the following numbered special issues that defendant Sherwin (1) failed to keep a proper lookout; (2) operated his car at a high and dangerous rate of speed under the existing circumstances; (4) that plaintiff entered the intersection before defendant Sherwin did; that defendant Sherwin (4a) failed to yield the right-of-way; (5) failed to make proper application of his brakes; (6) failed to slow his automobile immediately before entering the intersection; (7) failed to keep his automobile under proper control; (8) that immediately before the collision plaintiff was in a position of peril; that defendant Sherwin (8a) discovered such peril; (9) and increased the rate of speed of his automobile immediately prior to the collision; and, the jury exonerated the plaintiff from all acts of negligence. Judgment was for plaintiff and defendants appeal.

Defendants bring forward 22 points of error. They will be disposed of in the order assigned.

Point one complains of the action of the trial court in overruling defendants' motion for judgment notwithstanding the verdict of the jury. Their contention being based upon the assumption that defendant Sherwin had the right-of-way in the intersection as a matter of law because he, defendant Sherwin, was approaching said intersection from plaintiff's right and that plaintiff was guilty of negligence as a matter of law in not yielding the right-of-way. The defendants cite no authority in support of their contention on this point. They refer to Article 6701d, Vernon's R.C.S., but a careful examination of that Article will not support their contention in this case in the light of the evidence and the physical facts. From the physical facts, plaintiff entered the intersection first and had crossed the North lane of the highway that runs East and West and his front wheels were at or across the South line of the South lane of said highway when defendant Sherwin entered the intersection. The collision occurred immediately after

Sherwin entered same. The evidence shows that plaintiff saw defendant Sherwin approaching 130 to 150 feet away and that he, Sherwin, started slowing down and plaintiff started on across the intersection. That Sherwin then speeded up and the collision occurred. Sherwin admitted in his testimony, the slowing down and speeding up, and also said he looked to his left on approaching the intersection but did not see plaintiff.

Section 71(a) of Article 6701d provides:

"The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway."

As above stated, plaintiff unquestionably entered the intersection first; and, from the evidence, was justified in believing he could proceed into and across the same in safety. Buchanan v. Lang, Tex.Civ.App., 247 S.W. 2d 445, w/r n. r. e.; Pressler v. Moody, Tex.Civ.App., 233 S.W.2d 165; Ferris v. Stableford, Tex.Civ.App., 248 S.W.2d 186; Pure Oil Co. v. Crabb, Tex.Civ.App., 151 S.W.2d 962; American Grocery Co., Inc. v. Abraham, Tex.Civ.App., 94 S.W.2d 1231; Checker Cab Co. v. Wagner, Tex.Civ.App., 199 S.W.2d 791; Brooks v. Enriquez, Tex. Civ.App., 172 S.W.2d 794. The point is overruled.

Point two complains of the action of the trial court in permitting plaintiff's attorney, over defendants' timely objection, to place three charts upon a blackboard, in full view of the jury, immediately prior to commencing his closing argument. The charts are as follows: (Although the charts were not numbered we will identify them as A, B and C)

**No.**      **A.**

| No. | | |
|---|---|---|
| 1 | Sherwin Failed to Keep Proper Lookout | Yes |
| 2 | Sherwin Operated at High & Dangerous Speed | Yes |
| 3 | Sherwin Failed to Look to His Left | Yes |
| 4 | Pyeatt Entered Intersection First | Yes |
| 4A | Sherwin Failed to Yield Right-of-Way | Yes |
| 5 | Sherwin Failed to Make Proper Application of Brakes | Yes |
| 6 | Sherwin Failed to Slow Car | Yes |
| 7 | Sherwin Failed to Have Car Under Proper Control | Yes |
| 8 | Pyeatt in Danger—Sherwin Realized—Failed to Use Means | Yes |
| 9 | Sherwin Increased Speed at Intersection | Yes |

**B.**

| No. | | |
|---|---|---|
| 10 | Arrive at Intersection Approximately Same Time | No |
| 11 | Pyeatt Did Not Fail to Keep Proper Lookout | No |
| 12 | Pyeatt Did Not Fail to Look to His Right | No |
| 13 | " Did Not Fail to Have Control | No |
| 14 | " Did Not Fail to Stop | No |
| 14A | Was it Negligence   No | No |
| 15 | Pyeatt Did Not Operate Car Into Path | No |
| 15A | Was it Negligence   No | No |
| 16 | Pyeatt Did Not Increase Speed | No |
| 16A | Was it Negligence   No | No |
| 17 | Sherwin Not in Position of Peril | No |
| 17A | Did Pyeatt Discover Peril | No |
| 18 | Unavoidable Were Not the Result of Unavoidable Accident | |

**C.**

**Damages**

| | | |
|---|---|---|
| 19 | Loss of Earnings—Without Operation (To Date—22 Months at $150.00) | $3,300.00 |
| | (Future—32 Years at $1,800.00) | 58,000.00 |

**With Operation**

| | | |
|---|---|---|
| | Total 9 Months Disability | 6,300.00 |
| | 32 Years—15% Permanent Disability—$1,260.00 per year | 40,000.00 |
| | Pain & Suffering | 20,000.00 |
| 20 | Hospital & Medical (To Date) | 500.00 |
| 21 | " " " (Future) | 5,000.00 |
| 22 | Nursing | 3,000.00 |

Defendants objected to the placing of said charts upon the blackboard and to their use in the closing argument for many reasons, the chief objection being that "the use of the charts were highly prejudicial and effectively injected new and unsworn testimony for the jury's consideration." With this contention we agree. We do not believe the use of such charts would be permissible in any case over timely objection. Most of the statements in the first two charts are plain positive factual unsworn statements and were not put there during the argument on each point and not as a reasonable deduction from the evidence. The statements and figures in the third chart were not put there during the argument and as a reasonable deduction from the evidence. Oral argument, with proper references to the testimony and evidence that would reveal such factual state-

ments as contained in the charts to be true might have been permissible. But such bold factual statements made orally in argument without any reference to or inference from the evidence is error. An attorney cannot testify orally in his argument, and what he cannot do orally he certainly cannot do in writing. Wichita Transit Co. v. Sanders, Tex.Civ.App., 214 S.W.2d 810; Texas Employers' Ins. Ass'n v. Rowell, Tex. Civ.App., 104 S.W.2d 613; Huey & Philp Hardware Co. v. McNeil, Tex.Civ.App., 111 S.W.2d 1205; Southwestern Bell Telephone Co. v. Hardy, Tex.Civ.App., 91 S.W.2d 1075, reversed, 131 Tex. 573, 117 S.W.2d 418.

In Sec. 237, 41–B Tex.Jur. 281, it is said:

"Counsel must confine his argument to matters within the record—that is, to the facts and circumstances in evidence and to deductions fairly to be made from them. He is not permitted to supplement the facts or to emphasize his contentions by injecting into the case a discussion of matters that are not fairly within any reasonable deduction from the testimony and circumstances. Nor, as is mentioned later, may he go outside the record and indulge in inflammatory language in order to influence the jury to return a verdict favorable to his client. In other words, an attorney may not during argument give testimony or make 'an unsworn witness of himself'."

■ The charts were not put in evidence prior to the time plaintiff and defendants rested their case. They were effectively put in evidence in the closing argument. As evidence that the use of such charts probably resulted in injury to the defendants, the jury awarded the exact amount for "Hospital & Medical (to date)" as shown in the chart, which is admitted (as shown by the judgment in the case) to be $19 more than the proof showed. And the jury made an award for services rendered as a nurse by plaintiff's wife in the home, but there is no evidence in the record of the value of such services in the home.

In the case of City of Dallas v. Moore, 32 Tex.Civ.App. 230, 74 S.W. 95, 98, the court said:

"Plaintiff could state the facts relating to his services in attending his wife, and the value of such services or the time lost, but evidence of the general trouble that he was put to by reason of her injuries was not admissible."

See also Tarrant County Traction Co. v. Bradshaw, Tex.Civ.App., 185 S.W. 951. Point two is sustained.

■ The defendants had quite a bit to say in their bill of exception in connection with the use of the charts about plaintiff's attorney referring to the charts in his closing argument as "our" issues and "their" issues. The bill of exception does not show that any objection was made to such argument at the time such reference was made and was therefore waived. Phoenix Refining Co. v. Morgan, Tex.Civ. App., 178 S.W.2d 175, ref., n. r. e.; Collett v. Collett, Tex.Civ.App., 217 S.W.2d 60, ref., n. r. e.; Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197; Fisher v. Leach, Tex.Civ.App., 221 S.W.2d 384, ref., n. r. e.; Van v. Webb, Tex.Civ. App., 237 S.W.2d 827, ref., n. r. e. The trial judge allowed that part of the bill of exception with a qualification by saying: "No stenographic record of the argument was taken and the court has no independent recollection of any argument being made by plaintiff's attorney referring to any group of issues as 'our' issues, or any group of issues referred to as 'their' issues." A conditional qualification of a bill will not be considered. The qualification must be plain and positive; otherwise, the bill will be considered as approved without qualification. Graham v. State, 72 Tex.Cr.R. 9, 160 S.W. 714; Jolley v. Brown, Tex.Civ. App., 191 S.W. 177; Walton v. Walton, Tex.Civ.App., 191 S.W. 188; Irwin v. State National Bank of Ft. Worth, Tex.Civ.App., 224 S.W. 246; Southland Life Ins. Co. v. Norwood, Tex.Civ.App., 76 S.W.2d 166; Texas Employers Ins. Ass'n v. McNorton,

Tex.Civ.App., 92 S.W.2d 562. Although the argument is not assigned as error here, the question was briefed at length by both sides.

Points three and four complain of the action of the trial court in submitting Special Issues Nos. five and six. Careful examination of the record shows these assignments to be without merit and each point is overruled.

Points five to twenty-two, inclusive, complain of the action of the trial court in overruling defendants' special exceptions to certain parts of plaintiff's first amended original petition. We have carefully examined each point and the record and find that each point is without merit, and is overruled.

For the error found in point two, the judgment of the trial court is reversed and the cause is remanded.