Verna Mae RAGSDALE, Appellant,

v.

E. V. McLAUGHLIN, Appellee.

No. 6822.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 22, 1955.

Rehearing Denied Jan. 5, 1956.

Howard S. Smith, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, for appellant.

Joe N. Chapman, Sulphur Springs, for appellee.

DAVIS, Justice.

Appellee, E. V. McLaughlin, sued appellant, Verna Mae Ragsdale, for damages growing out of an automobile collision at the intersection of Church and Jefferson streets in the city of Sulphur Springs. Appellant filed an answer and cross action in which she sued E. V. McLaughlin and his son, Paul McLaughlin, who was driving the McLaughlin car at the time of the collision. In appellee's second amended original petition he made numerous allegations of negligence and then made some 15 alternative allegations of negligence which he alleged either singly, or either two or more collectively, or all acts of negligence combined, was or were the proximate cause of the collision.

At the time of the collision appellant was traveling north on Church street and Paul McLaughlin was driving appellee's car west on Jefferson street. Appellee specifically alleged negligence on appellant's part as a matter of law and relied

upon Subsections 33(1), 35(1), and 73(b) of Article 6701d, Vernon's Ann.Civ.St., and Sec. E of Article 801, of the Penal Code.

The suit was originally filed in the Justice Court of Precinct No. 1 of Hopkins County; the amount of damages alleged being $141.26. Trial in Justice Court was to a jury which found that the collision was an unavoidable accident, and judgment was that plaintiff take nothing. The case was appealed to the County Court by appellee and after the appeal was perfected, appellee filed a motion for summary judgment based upon the pleadings on file in the case, the affidavits of himself, his son, Paul McLaughlin, Delbert White, Jr., and Mary K. Goldsmith, as well as the deposition of the appellant, Verna Mae Ragsdale. The motion for summary judgment was contested by the affidavit and deposition of appellant. The motion for summary judgment was granted and judgment was rendered against appellant for the sum of $141.26.

We quote the trial court's findings in the judgment:

"The court having considered said motion the deposition, affidavits, and pleadings on file in said cause and having heard the arguments of counsel thereon, is of the opinion that the law is for the plaintiff and cross defendant E. V. McLaughlin and Paul McLaughlin."

Appellant brings forward three points of error wherein she complains of the action of the trial court in granting appellee's motion for summary judgment on the whole case because: (1) The material fact issues of negligence and proximate cause were and are in issue in the case; (2) appellant's plea of unavoidable accident was a fact issue; and (3) appellant's alternative plea that the weather and the streets were the sole proximate cause of the accident was a fact issue; and that each of the fact issues was duly controverted by the pleadings, affidavits and deposition of appellant.

Appellee contends in his counter points and brief that there was no genuine issue of fact to be decided because of the alleged violation of law in his petition, the substance of the contention being that when a person approaches a highway or street intersection, the person approaching the intersection must yield the right of way to any other person approaching from their right. Appellee cited no authority in support of this contention. The most recent authorities on the question are clearly against such contention. Sec. 71(a) of Article 6701d provides:

"The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway."

And, see Warren Petroleum Corp. v. Pyeatt, Tex.Civ.App., 275 S.W.2d 216; Buchanan v. Lang, Tex.Civ.App., 247 S.W. 2d 445, w/r n.r.e.; Pressler v. Moody, Tex. Civ.App., 233 S.W.2d 165; Ferris v. Stableford, Tex.Civ.App., 248 S.W.2d 186; Pure Oil Co. v. Crabb, Tex.Civ.App., 151 S.W. 2d 962; American Grocery Co., Inc., v. Abraham, Tex.Civ.App., 94 S.W.2d 1231; Checker Cab Co. v. Wagner, Tex.Civ.App., 199 S.W.2d 791; Brooks v. Enriquez, Tex. Civ.App., 172 S.W.2d 794.

Appellee cites numerous authorities on the theory that appellant was guilty of negligence as a matter of law and that under the circumstances no evidence would be admissible to establish the defenses alleged by appellant or to establish the many acts of negligence alleged by appellant against appellee's son as set out in her pleadings and her deposition.

Rule 166–A of our Texas Rules of Civil Procedure grants to our trial courts only limited authority to grant motions for a summary judgment, especially on the whole case where the pleadings clearly join the issues. Our summary judgment rule was taken from the Federal Rules of Civil Procedure, 28. U.S.C.A., and in Ohio Citizens Trust Co. v. Airway Electrical Appli-

ance Corp., D.C., 56 F.Supp. 1010, 1012, the court in quoting from Electrical Fittings Corp. v. Thomas & Betts Co., D.C. N.J.1943, 3 F.R.D. 256, quoted as follows:

"'1. The federal rule pertaining to summary judgments vests in court limited authority to enter a summary judgment only if it clearly appears that there is no genuine issue as to any material fact, and that moving party is entitled to judgment as a matter of law, and does not authorize court to summarily try factual issues on affidavits and depositions of parties. Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c.

"'2. To authorize the granting of a summary judgment, the complete absence of any genuine issue must be apparent, and all doubts thereon must be resolved against moving party. Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c.

"'3. Where record on defendants' motion for summary judgment, in action for violation of Clayton and Sherman Acts, was devoid of evidence on principal issue raised by allegation that patent involved was unlawfully used to restrain trade, to lessen competition, and to create a monopoly and disclose a disputed issue of fact as to whether plaintiff suffered injury, motion was denied. Clayton Act, §§ 3, 4, 15 U.S.C.A. §§ 14, 15; Sherman Anti-Trust Act, §§ 1, 2, 15 U.S.C.A. §§ 1, 2; Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c.'"

■ Therefore, it seems that the Federal courts look a little more to the entire record than have our state courts, but be that as it may, the appellee based his motion for summary judgment upon the pleadings, affidavits and deposition. The affidavits offered by appellee do nothing more than reiterate some of the facts alleged by him. The pleadings, affidavit and deposition of the appellant directly contradict appellee's affidavits and pleadings, and we must view the record in the light most favorable to the appellant and assume every fact apparent in the case in her favor. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Loud v. Sears, Roebuck & Co., Tex.Civ.App., 262 S.W.2d 548, no writ history.

■ Fact issues were clearly raised and evidence in support of appellant's pleadings will be admissible upon the trial of this case. Appellant's points are sustained.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause is remanded.

On Motion For Rehearing.

PER CURIAM.

Appellees have filed an able motion for rehearing in which they challenge our disposition of this case. They take the position that no affidavit was filed in the case; and, no affidavit being filed, according to their contention, the trial court had no alternative but to grant the motion for summary judgment. They rely most heavily upon the case of Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, wr. ref., as the basis for their contention.

■ Appellees further take the position that the pleading filed by appellant in reply to their motion for summary judgment and designated "defendant's amended answer to plaintiffs' motion for summary judgment" is merely a sworn pleading and can not be considered as an affidavit. The instrument so designated is written in the first person, and contains every prerequisite required by the rule. We have concluded that this pleading is in truth and in fact an affidavit whether or not it was so designated.

In addition to that, appellant's deposition had been taken and was offered in evidence by the appellees. The deposition covers about 7 pages in the Statement of Facts compiled upon the hearing on the motion. This deposition shows to have been taken in strict compliance with the

470

law and constitutes sworn testimony on file in the case at the time the motion for summary judgment was heard. The testimony given in this deposition unquestionably contradicts the affidavits relied upon by appellees and raises fact issues.

 We do not construe Rule 166–A as making the filing of an affidavit mandatory. Section (c) of the Rule provides:

"The motion shall be served at least ten days before the time specified for the hearing. The adverse party prior to the day of hearing 'may' serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Quotes and emphasis added.)

Appellees seem to take the position that a motion for summary judgment can be contested by affidavits only. With this contention we do not agree, and have placed emphasis on the quoted part above to more clearly show that the filing of affidavits in reply to a motion for summary judgment is not mandatory if there are other matters of record such as depositions, exhibits, judicial notice, admissions, etc., apparent in the record that would create a fact issue in opposition to the motion. As pointed out in 11 Baylor Law Review 327, citing Brown v. Ford Motor Co., D.C., 57 F.Supp. 825; Friedman v. Washburn Co., 7 Cir., 145 F.2d 715; Washington v. Maricopa County, 9 Cir., 143 F. 2d 871; United States v. Philadelphia, 3 Cir., 140 F.2d 406; Fletcher v. Evening Star Newspaper, 77 U.S.App.D.C. 99, 133 F.2d 395, and other authorities:

"The evidence may consist of depositions, affidavits, exhibits, judicial notice, formal admissions resulting from failure to deny those requested, stipulations, pre-trial agreements * *".

We have again carefully reviewed the record in this case and every authority cited by appellees in their motion for rehearing, as well as many other articles and authorities, and still remain convinced that the conclusion reached in our original opinion is correct.

Appellees' motion for rehearing is overruled.