**WILLIAM B. MORRIS COMPANY,**
Appellant,

v.

**William R. HARRINGTON et al.,**
Appellees.

No. 7973.

Court of Civil Appeals of Texas,
Texarkana.

March 10, 1970.

Charles W. Spencer, Geary, Brice, Barron & Stahl, Dallas, for appellant.

Marvin Menaker, Bader, Wilson, Menaker & Cox, Dallas, for appellees.

FANNING, Justice.

A summary judgment case. Appellees, William R. Harrington and Herman Harrington, as plaintiffs, filed suit against defendant-appellant, William B. Morris Company, alleging that appellant executed a $1,000.00 promissory note on March 6, 1961, to appellee William R. Harrington, and also on May 9, 1962, executed a $2,500.-00 promissory note to said appellee, and that on May 1, 1962, appellant executed a $5,000.00 promissory note to appellee Herman Harrington. It was further alleged that appellees instituted suit for the collection of said notes, being cause No. 66–5677–G, in a District Court in Dallas County, Texas, and that an order of dismissal and release was executed in consideration for an agreement to pay $8,000.00 in certain stated installments, with appellees, alleging that said agreement was not fully carried out, etc. (the appellees admitting that $1,700.00 had been paid on the agreement), and sought to recover on the original notes with stated interest, attorneys' fees, etc.

Appellant filed a sworn denial to appellees' pleading. Appellees filed a motion for summary judgment and in support attached an affidavit of appellee William R. Harrington. Also attached to the motion was an uncertified copy of the agreement for order of dismissal and release in said cause No. 66–5677–G. Appellant did not file an answer to said motion. The trial court entered a summary judgment awarding William R. Harrington the sum of $6,482.-00 and to appellee Herman Harrington the

sum of $9,178.00, wtih a total recovery of $15,660.00, which amount is greater than the amount claimed by appellees in their supporting affidavit, to-wit: $13,760.00. Appellant has appealed.

Our review of the summary judgment must be within the guidelines summarized in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., Tex.Sup. 1965, 391 S.W.2d 41, in substance, as follows:

1. Summary judgment is authorized only when it is shown that there is no genuine issue of material fact and movant is entitled to judgment as a matter of law.

2. Burden of proof is on movant to establish the absence of any such issue.

3. Conflicts in evidence are disregarded, and the court must view the evidence in the light most favorable to the party opposing the motion, accepting as true all evidence which tends to support his position.

4. All doubts as to the existence of a genuine issue of material fact are to be resolved against the movant.

5. If the motion involves the credibility of affiants or defendants, or the weight of their statements, or a mere ground of inference, the motion should be denied.

■ The failure of defendant-appellant to answer plaintiffs-appellees' motion for summary judgment and his failure to file opposing or counter-affidavits was not fatal in the case at bar, as we have concluded that plaintiffs-appellees' own showing failed to show the absence of a disputed material issue of fact and that appellees did not carry their burden of proving their case. We think the rules of law stated by Justice Pope in Freeberg v. Securities Investment Co. of St. Louis, Tex.Civ.App., 331 S.W.2d 825, writ refused (1960) are applicable to the situation in the case at bar. We quote from *Freeberg*, supra, in part as follows:

"Summary judgments are not granted by default, but upon the movant's discharge of his burden to show the absence of fact issues. If movant's showing poses only a question of law, there is no need to file counter-affidavits. Couey v. Arrow Coach Lines, Tex.Civ.App., 288 S.W.2d 192. *When movant's own showing develops a fact dispute, he defeats his own summary judgment, though there are no counter-affidavits.* Jindra v. Jindra, Tex.Civ.App. 267 S.W.2d 287; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236; 4 McDonald, Texas Civil Practice § 17.26.3. A respondent is entitled to rely upon admissions, depositions and exhibits in the record, though he has not filed counter-affidavits. Ragsdale v. McLaughlin, Tex.Civ.App., 285 S.W.2d 467. *On the basis of either of these rules, Freeberg had standing before the court at the summary judgment hearing, and the inference that he lost because he did not have a sworn answer or opposing affidavits is not correct.*"

The only supporting affidavit offered by appellees was that of William R. Harrington, appellee, found below.[1] This affidavit

---

1. "STATE OF TEXAS ⎱
   COUNTY OF DALLAS ⎰
   "BEFORE ME, the undersigned authority, on this day personally appeared William R. Harrington, who upon oath deposes and says as follows:
   "I am William R. Harrington, Plaintiff in Cause No. 68–10606–G and the other plaintiff is my father, Herman Harrington. That my father and I freely and voluntarily entered into a settlement which was placed on record in a suit with the same style as this suit, that being Cause No. 66–5677–G.
   "By the terms of that agreement, after $1,000.00 was paid, my father and I were to receive equal monthly installments in the amount of $100.00 per month beginning the 10th day of December, 1967. Thereafter, as shown, the $100.00 a month was paid for 48 months and then

fails to state that it was made on the personal knowledge of the affiant, and the affiant also testified as to the claim of the other appellee, Herman Harrington. The affidavit also contains the following legal conclusion:

"The Defendant herein has not paid according to the schedule set out in the Agreement in the prior case. The three notes unpaid by Defendant entitle us to the sum of $8,500.00, plus interest from the date of each note, plus 10% additional on the principal and interest as attorneys' fees which total sum amounts to $15,660.00.

*"Subtracting the amounts paid by Defendant herein we are due the net sum of $13,760.00."* (Emphasis added)

The supporting affidavit of appellee Harrington recites the offset of $1,900.00 to conclude the amount due to be $13,760.00. The summary judgment in the case grants a total recovery to the appellees in the amount of $15,660.00, which is greater than and at variance with even the legal conclusion offered in the supporting affidavit, to-wit, $13,760.00.

◼ We have reached the conclusion that without regard to any other matters raised in appellant's brief, that in view of the confused state of the record, that there is at least a material issue of fact as to the amount of money to which appellees may be entitled to recover of appellant.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

an additional sum of $2,200.00 was to be paid.

"I hereby swear that. the Plaintiffs have received the following payments, to-wit: The $1,000.00 and nine (9) installments of $100.00, the last one having been paid on or about the 14th day of August, 1968.

"The Defendant herein has not paid according to the schedule set out in the Agreement in the prior case. The three notes unpaid by Defendant entitled us to the sum of $8,500.00, plus interest from

the date of each note, plus 10% additional on the principal and interest as attorneys' fees which total sum amounts to $15,660.00.

"Subtracting the amounts paid by Defendant herein we are due the net sum of $13,760.00.

/s William R. Harrington
WILLIAM R. HARRINGTON
"Subscribed and sworn to before me on this the 17th day of February, 1969.

/s Sue Edington, Notary Public, Dallas County, Tex!"