TEXAS EMPLOYERS' INSURANCE ASSOCIATION v. J. M. HALE.

No. A-695. Decided January 9, 1946.
(191 S. W., 2d Series, 472.)

*Burford, Ryburn, Hincks & Charlton, Logan Ford* and *Clarence A. Guittard,* all of Dallas, for petitioner.

It was error for the trial court to place upon petitioner the burden of showing harm from the errors committed by the trial court, and that such errors were harmless. Chapin v. Putman Supply Company, 124 Texas 247, 76 S. W. (2d) 469; International Travelers Assn. v. Bettis, 120 Texas 67, 35 S. W. (2d) 1040; Barrington v. Duncan, 140 Texas 510, 169 S. W. (2d) 462.

*White & Yarborough,* of Dallas, for respondent.

There was no reversible error in the trial courts instructions to the jury, and the court of civil appeals so correctly held. Golden v. Odiorne, 112 Texas 544, 249 S. W. 822; Psimenos v. Huntley, 47 S. W. (2d) 622.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

This is a workmen's compensation case in which the judg-

ment of the trial court awarding a recovery to respondent, the employee, was affirmed by the Court of Civil Appeals, 188 S. W. (2d) 899. It now appears that the granting of the application for writ of error resulted from our failure fully to understand the record and the opinion of the Court of Civil Appeals. We question whether any particular purpose will be served by our writing further in the case, but in view of the earnestness with which three of the assignments are pressed upon us, we shall write upon them briefly.

The first question relates to the charge upon the burden of proof. In the introductory part of the charge, the jury was instructed as follows:

"Under our law it becomes the duty of the Court to write a proper and correct judgment based on the Court's interpretation of the jury's answer to the questions submitted, and the responsibility in this regard is solely that of the Judge and is not a matter that concerns the jury. Your answers should reflect only your conclusions of fact honestly arrived at from a preponderance of the evidence before you."

■ Following the introductory portion of the charge a number of special issues were submitted to the jury in each of which issues the form employed was, "Do you find from a preponderance of the evidence that * * *?" "Answer 'Yes' or 'No,' Answer . . ." Petitioner excepted to the charge and each issue on the ground that the introductory instruction quoted above improperly placed the burden of proof upon it to obtain negative answers to the sepcial issues. The Court of Civil Appeals held that, since each issue was so framed as clearly to indicate its own burden of proof, the jury could not have been misled by the preliminary instruction, citing in support of this holding MacFadden Publications, Inc., v. Wilson, 121 S. W. (2d) 430, error refused; Brown Express, Inc. v. Henderson, 142 S. W. (2d) 585, error dismissed, correct judgment; Miller v. Wyrick, 96 S. W. (2d) 253. Those authorities support the holding. As stated in the opinion in the Miller case, supra, "Under any reasonable construction of the charge as a whole, the general reference to a preponderance of the evidence does not conflict with the burden of proof as placed by the issues, but is referable to and controlled by the specific placing of the burden of proof by the form of each issue."

Petitioner insists that those cases were, in effect, overruled by the later decision of this Court in Southern Pine Lumber Company v. King, 138 Texas 473, 161 S. W. (2d) 483. This con-

tention is not sustained. In the King case in connection with, and as a part of the special issues the jury was instructed to "Answer, 'Yes' or 'No' from a preponderance of the evidence." Those were specific instructions to answer "No" as well as "Yes" from a preponderance of the evidence. Here no such specific instructions were given, but each special issue correctly placed the burden of proof. The cases are clearly distinguishable.

■ Another point relied upon here is the claimed error of the trial court in restricting a portion of the argument of petitioner's counsel. The bill of exceptions presenting this matter, as qualified by the trial judge, reflects that in his address to the jury one of the attorneys representing the petitioner said: "He (Dr. Hurt) is down here to the court house so much testifying down here in these back injuries that he just doesn't have time to keep up. You know we asked him how many times he had even with White & Yarborough's firm. He said 'I couldn't tell. I couldn't give you an estimate of how many times. As a matter of fact I don't think it is any of your twelve men's business either.' That is what he said." The court sustained respondent's exception to this argument only in so far as it related to one sentence, as follows: "As a matter of fact I don't think it is any of your twelve men's business either." That particular sentence was properly stricken from the argument. The record reflects that the witness did not use that particular language. The attorney purported to quote the language of the witness and not to draw a deduction therefrom. He was, therefore, under the duty to quote it accurately. No error is reflected by this ruling.

■ Another point is this: "The Court of Civil Appeals erred in holding that the error of the trial court in excluding the x-ray pictures illustrating a normal vertebra was harmless." As we read the opinion of the Court of Civil Appeals that Court held that no error was committed by the trial court in excluding these pictures. There was no assignment in the amended motion for rehearing in the Court of Civil Appeals challenging that holding and neither is there such an assignment in the application for writ of error. The assignment just quoted assumes that the Court of Civil Appeals held that the trial court erred in excluding those pictures, but that the error was harmless. We do not so interpret that court's opinion. As we interpret it the holding was that, for the reasons pointed out therein, the trial court did not err in its ruling. As we construe the assignment it does not question that holding and, therefore, presents no material question for review. But, if the assignment be treated as being sufficient to challenge the ruling of the trial court, affirmed by the Court of Civil Appeals, excluding the pictures

it should nevertheless be overruled. We approve the holding of the latter court on this question.

The case is affirmed.

Opinion delivered January 9, 1946.

Associate Justice Taylor not sitting.