### WENSKI v. KABITZKE et al.
### No. 10123.

Court of Civil Appeals of Texas. Austin.

March 25, 1953.

Elbert R. Jandt, Seguin, for appellant.

Terry L. Jacks, San Marcos, for appellee.

ARCHER, Chief Justice.

This suit grows out of a collision between two automobiles at a circular intersection of U. S. Highway 81 and Texas Highway 123, near San Marcos, in Hays County, Texas.

Trial was had with the aid of a jury, and based on the jury's verdict, judgment was rendered in favor of plaintiffs Gustave Kabitzke for $350 and for J. H. Kabitzke in the sum of $150 against the defendant A. F. Wenski, and that Wenski take nothing on his cross action. Motions filed by defendant to set the verdict aside and for a new trial were overruled.

The appeal is before this Court on eight assignments of error and are to the effect that it was error to submit special issue No. 1, and because the facts inquired about were not raised by the pleadings, in failing to submit an issue as to whether failing to yield the right of way was negligence; and in submitting special issues Nos. 6, 7, and 8 as well as Nos. 10 and 11, and finally in failing to define the term "proper lookout."

The collision occurred at the circular intersection of Highway 81 and Texas Highway 123. There were no stop signs and each highway intersected with the circle.

Special Issue No. 1 inquired if the two vehicles entered the intersection from different highways at approximately the same time, to which the jury answered "yes."

Special Issue No. 2, conditioned on an affirmative answer to No. 1, asked if the vehicle on the left failed to yield the right of way to the one on the right, and the answer of the jury was "yes."

In response to Special Issue No. 3 the jury found that the failure to yield the right

of way was a proximate cause of the injuries and damages.

The appellant contends that the pleadings of plaintiff do not raise the issues of the entry of the two vehicles into the intersection at approximately the same time, or as to the failure to yield the right of way, nor that the question of whether the failure to keep a "lookout" was a proximate cause of the damages.

The plaintiff's second amended petition in part reads:

"The plaintiffs further represent to the Court that at the time and place defendant, A. F. Wenski, was guilty of acts of negligence and violation of the State Laws in the Following particulars, to-wit:

"(a) In driving the automobile, which was on the left, into the intersection and into plaintiff's automobile, which was on the right at the time and place aforesaid.

"(b) In driving the automobile into the plaintiff's automobile at the time and place aforesaid, that the plaintiff had entered said intersection from a through highway.

"(c) In driving his automobile into plaintiff's automobile at the time and place aforesaid, after plaintiff had entered the said intersection from a different highway.

"(d) In not yielding the right-of-way to plaintiff, which was a violation of the laws of the State of Texas;

\* \* \* \* \* \*

"(h) In failing to keep a proper lookout at all times;

"(i) In failing to yield the right-of-way to the plaintiff, J. H. Kabitzke, who had the right-of-way at the time and place aforesaid.

\* \* \* \* \* \*

"The above acts of negligence, each one and some, or all of them directly and partially caused the automobile driven by the said A. F. Wenski to smash into plaintiff's automobile with great force and violence, which acts of negligence are the direct and proximate cause of the plaintiff's damages hereinafter shown."

The plaintiffs alleged that the defendant violated the laws of the State of Texas, and that the defendant was meeting plaintiffs' automobile at the time and place and at an intersection.

Article 6701d, Vernon's Ann.Civ.St., Uniform Act Regulating Traffic on highways provides:

"Sec. 71. \* \* \* (b) When two (2) vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

We believe that plaintiffs' pleadings raised the issue of whether plaintiffs entered the intersection first and whether the two reached the intersection at approximately the same time. Pressler v. Moody, Tex.Civ.App., 233 S.W.2d 165; Ferris v. Stableford, Tex.Civ.App., 248 S.W.2d 186.

We believe that plaintiffs' pleading that defendant failed to keep a "proper lookout" is sufficient for submission of the issue of failure to keep a "lookout." City of Fort Worth v. Lee, 143 Tex. 551, 186 S.W.2d 954, 159 A.L.R. 125.

Since the jury found that the two vehicles involved in the collision entered the intersection from different highways at approximately the same time, that the vehicle on the left failed to yield the right of way to the vehicle on the right, and that such failure was the proximate cause of the injuries complained of, and since the jury further found that defendant failed to stop his vehicle at the entrance to a through highway and that defendant failed to yield the right of way to other vehicles which had entered the intersection from said through highway, or which were approaching so closely as to constitute an immediate hazard, and the facts so found by the jury constituted a violation of law, the court was not required to submit the issue of negligence in connection therewith.

Where there has been a failure to perform a duty prescribed by statute, or if

the alleged act or omission is one that constitutes a violation of law, it is negligence as a matter of law.

■ We believe that a circular intersection is an intersection within the scope of Article 6701d, V.A.C.S., Sec. 14.

The defendant excepted to submission of Special Issue No. 8, inquiring as to the sum of money, if any, would reasonably compensate the plaintiff for injuries to his automobile, for the reason that no measure of damages was given the jury in connection with such issue.

■ The defendant did not tender in writing a substantially correct explanatory instruction on the measure of damages, and the failure of the court to submit a measure of damages is not reversible error. Rule 279, Texas Rules of Civil Procedure; Texas Employer's Ins. Ass'n v. Hale, Tex. Civ.App., 188 S.W.2d 899, Id., 144 Tex. 432, 191 S.W.2d 472.

The defendant in his cross action was claiming damages from the plaintiff, and requested the court to submit Special Issue No. 6 and such issue was given by the court. This issue is as follows:

"What sum of money, if any, if paid in cash, do you find from a preponderance of the evidence will fairly and reasonably compensate the Defendant, A. F. Wenski, for damages to his automobile as a result of the collision.

"Answer: Give the amount, if any, which you may find for your verdict in dollars and cents. $————————.""

■ The special issue objected to was in harmony with the Issue No. 6 requested by the defendant and no instruction on a measure of damages was tendered with defendant's requested issue No. 6. The failure of the court to submit a measure of damages, under such circumstances, is not reversible error. Rule 279, supra; Texas Employers' Ins. Ass'n v. Mallard, Tex.Com. App., 143 Tex. 77, 182 S.W.2d 1000.

The judgment of the trial court is affirmed.

Affirmed.