**DUPLANTIS v. MARTIN.**

No. 4967.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 11, 1954.

Rehearing Denied March 24, 1954.

W. T. Briggs, Pt. Arthur, for appellant.

F. M. Lamson, Pt. Arthur, for appellee.

WALKER, Justice.

The automobile being driven by plaintiff Martin and that being driven by defendant Vernon Duplantis collided at a street intersection in Port Arthur. Plaintiff sued for the damages to his vehicle and recovered judgment against said defendant for $231.98. This judgment is based upon a verdict which convicted defendant of negligence in the following respects, each a proximate cause of the collision: (Issue 1) driving at an excessive rate of speed; (Issue 4) failing to keep a proper lookout; and (Issue 7) failing to have his automobile under proper control. The jury also made findings concerning right of way. Thus they found (Issue 12) that plaintiff entered the intersection before the defendant did; (Issue 13) that defendant failed to yield the right of way to plaintiff (Issue 14) that this was negligence by the defendant; and (Issue 15) that this negligence was a proximate cause of the collision. On the other hand they found (Issue 18) that the two automobiles entered the intersection "at approximately the same time" and (Issue 19) "that the automobile of (plaintiff's) entering the intersection at approximately the same time as the automobile driven by the (defendant) was a proximate cause" of the collision. The jury acquitted the plaintiff of failure to keep a proper lookout, and found that the collision was not the result of an unavoidable accident.

### Opinion

(1) Defendant cites Subsection (b) of Section 71, Art. 6701–d, Vernon's Texas Civil Statutes, reading as follows: "When two * * * vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." Defendant says under Point 1 that by virtue of this statute the findings under Issues 18 and 19 convict the plaintiff of contributory negligence.

Under Point 2 defendant says that the findings under Issues 18 and 19 conflict with those made under Issues 12 and 14.

We overrule these arguments, and Points 1 and 2, on the following grounds.

(2) The testimony of the plaintiff and his wife about the collision conflicts with that of the defendant and his father, but according to the evidence in behalf of the plaintiff he was driving slowly and the defendant was driving very fast; the plaintiff saw the defendant's automobile approaching on his right but he, the plaintiff, was about to enter the intersection and, not realizing how fast the defendant was moving, thought that the defendant's automobile was so far away that he could proceed; he did enter the intersection and was partly out of it when the collision happened; and the defendant's automobile struck the rear of his on the right hand side.

The trial court's charge contains a definition of "proximate cause" which represents the parties' theory of proximate causation. This definition reads in part as follows: " * * * to be a proximate cause of an event it should have been reasonably anticipated and foreseen by a person of ordinary prudence, in the exercise of ordinary care, under the same or similar circumstances, that the event or some similar event would occur as a natural and probable consequence." The testimony in behalf of the plaintiff which we have just summarized at least raised a question of fact for the jury whether any failure of the plaintiff to yield the right of way to the defendant was a proximate cause of the collision within the meaning of this definition. This testimony also shows that the two vehicles did enter the intersection at approximately the same time but also show (and thus raised the question for the jury that the defendant's own excessive speed, putting him into the intersection while the plaintiff was in it, was the proximate cause of the collision instead of the plaintiff's failure to yield the right of way. That is, this evidence shows that while the two vehicles did arrive at the intersection at approximately the same time, this fact, on which the defendant bases his claim of the right of way under the statute quoted

above, was actually caused by the defendant's own wrongful and excessive speed.

 (3) The question, whether the failure of plaintiff to yield the right of way to the defendant was a proximate cause of the collision is the essential question of causation under the statute quoted above, and this question was not submitted to the jury. Issue 19 does not submit that question. As we construe it, the finding under Issue 19 means only that the collision was a proximate consequence of the two automobiles having entered the intersection at approximately the same time. It does not trace responsibility for the collision to either party. As we have shown the plaintiff's evidence puts the responsibility for causing the collision on the defendant. Issue 19 was immaterial.

(4) Since the proper question of causation under the statute relied on by the defendant was not submitted to the jury, and since the question of causation which was submitted (Issue 19) and which is relied on by the defendant is immaterial, the trial court rightly disregarded the findings under said Issue 19 and that made under Issue 18, namely, that the two vehicles entered the intersection at approximately the same time.

As a consequence it is not really material whether the findings under Issues 18 and 19 conflict with those under Issues 12 and 14, since enough remains in the verdict to support the trial court's judgment; but we think that there is no inconsistency between the findings under these two sets of issues. The plaintiff could have entered the intersection first, as the jury found under Issue 12, and yet the two vehicles could also have entered the intersection at approximately the same time, as the jury found under Issue 18. One may have the right of way, and yet be negligent in failing to yield it, as the jury found that the defendant was under Issue 14. As regards Issue 19, the collision may have been a proximate consequence of the two vehicles having entered the intersection at the same time and yet the defendant's conduct, instead of the plaintiff's, may have been responsible for that collision.

These comments adjudicate the points of error assigned. The trial court's judgment is affirmed.