**BOWERS & KELLY, a co-partnership, Appellants,**

**v.**

**TEXAS & PACIFIC RAILWAY COMPANY, Appellee.**

**No. 5077.**

Court of Civil Appeals of Texas.

El Paso.

Nov. 24, 1954.

John P. Dennison and Henry Russell, Pecos, for appellants.

Hill D. Hudson, Pecos, for appellee.

McGILL, Justice.

This case arose from a collision between an eastbound train of appellee, Texas & Pacific Railway Company, and a piece of land leveling equipment known as a land plane, at a railroad crossing. The suit was filed by the Texas & Pacific Railway Company as plaintiff against Bowers & Kelly, a co-partnership, as defendants. The defendants were the owners of the land plane and were in charge of it when the collision occurred. The plaintiff sought to recover damages to its engine and baggage car which resulted from the collision, and the defendants filed a cross-action in which they sought to recover for damage to the land plane. Trial to a jury resulted in findings upon which the court rendered judgment that the plaintiff take nothing against defendants, and that the defendants take nothing by their cross-action against the plaintiff, and that all parties pay their respective costs. The defendants have duly perfected their appeal to this court.

It is appellants' contention, as reflected by their first point of error, that the court erred in entering judgment on the jury verdict because the answers of the jury are conflicting as to whether or not plaintiff's employees were negligent. Questions Nos. 14 and 15 and the answers thereto were:

"Question No. 14: Do you find from a preponderance of the evidence that the plaintiff's employees operating its train as it approached the crossing upon the occasion in question, failed to keep a proper lookout for vehicles using such crossing? Answer 'yes' or 'no'. Answer: Yes.

"Question No. 15: Was such failure on the part of the plaintiff's employees negligence as that term has been defined to you? Answer 'yes' or 'no'. Answer: No."

The court defined "proper lookout", "ordinary care" and "negligence" as follows:

"By the term 'Proper Lookout' as used in this charge is meant such a lookout as an ordinarily prudent person would have maintained under the same or similar circumstances."

"'Ordinary Care' where used in this charge is that care which an ordinary prudent person would use under the same or similar circumstances."

"'Negligence', as that word is used in this charge, means the doing of that

which an ordinarily prudent person would not have done under the same or similar circumstances or the failure to do that which such a person would have done under the same or similar circumstances."

 Under the authority of Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, we sustain the point to effect that the answers to the questions above quoted are so in conflict as to be mutually destructive. Since under the case cited there is an irreconcilable conflict between the findings in answer to questions 14 and 15, these findings destroy each other and there is no finding on the question of alleged negligence of plaintiff's employees in approaching the crossing at a rate of speed in excess of 75 miles per hour without maintaining any lookout. The defendants in their cross-action alleged that the plaintiff's employees were negligent in that one of plaintiff's trains approached from the west traveling at a high and dangerous rate of speed in excess of 75 miles per hour without maintaining any lookout to ascertain if the crossing was clear, and that such negligence was a proximate cause of the collision. Therefore, since the findings to effect that plaintiff's employees failed to keep a proper lookout for vehicles using the crossing and that such failure of plaintiff's employees was not negligence, destroyed each other, the defendants failed to make out a case on their cross-action and the court properly rendered judgment against them that they take nothing. The case of Little Rock Furniture Mfg. Co. v. Dunn, supra, indicates that the defendants by offering no objection to the submission of special issues Nos. 14 and 15, which they could and should have foreseen might be answered so as to create a conflict and eliminate any answer as to proximate cause which was inquired about in question No. 16, they thereby waived their right to have the jury find whether or not the failure of plaintiff's employees to keep a proper lookout for vehicles using the crossing was a proximate cause of the collision in ques-

tion. In Little Rock Furniture Mfg. Co. v. Dunn, supra, the judgment of the trial court was affirmed over respondent's contention that the conflict required the granting of a new trial.

We think that the trial court's judgment is in accord with that holding, and therefore such judgment is affirmed.