**DODSON BROTHERS, BUILDERS, a Partnership, Appellants,**

v.

**Vernon H. ADKINS, d/b/a Adkins Electric Company, Appellee.**

**No. 5070.**

Court of Civil Appeals of Texas.
El Paso.

Dec. 10, 1954.

Thornton Hardie, Jr., Turpin, Kerr & Smith, Midland, for appellants.

Richard B. Saxe, Jr., Bezoni & Saxe, Midland, for appellee.

HAMILTON, Chief Justice.

This case was filed by Vernon H. Adkins, doing business as Adkins Electric Company, appellee herein, seeking damages, alleging wrongful termination of an electrical construction contract theretofore entered into with Dodson Brothers, Builders, appellants herein, and owner of the property in question. Subsequently appellee filed an amended petition, including therein an alternative count based upon quantum meruit, and attached to such petition as an exhibit was a sworn affidavit which set forth all material, labor and services rendered to appellants, and the respective values thereof. Appellants filed a verified denial and cross-action. The case was tried before a jury, and the court, upon answers to questions submitted to the jury, rendered judgment in favor of appellee, plaintiff below, in the amount of $6,722.75.

Appellants contracted with appellee to do the electrical work on a motel being built by them in the city of Midland. The agreed contract price was $24,000. Payments on the contract were to be made on the basis of 80% estimates to be made each month during the construction. At the time appellants notified appellee that his contract was terminated there had been paid on said contract the sum of $12,226.40. Appellee testified that he had actually spent the sum of $19,248.69 for labor and material that went into the construction of the motel. He further testified that at the time of the termination of said contract the electrical work which he contracted to do was from 85% to 90% complete and that it would take some $4,000 to complete this contract. This testimony was disputed by appellants. The court submitted to the jury six special issues, two of which and the answers thereto are as follows:

"Special Issue No. 1. Do you find from a preponderance of the evidence that Dodson wrongfully terminated and breached the contract with Adkins? Answer Yes or No.

"Answer: Yes.
"By the term 'wrongful', as used herein, means without just cause.

"If you have answered Special Issue No. 1 'yes' and only in such event, then answer:

"Special Issue No. 2. What amount of damages if any, was suffered by Adkins as a result of the termination and breach of the contract? Answer in dollars and cents, if any.

"Answer: $6,722.75."

The other four issues were defendants' issues and were all answered against the defendants. There is no question on appeal in regard to the said four issues.

Appellants appeal on three points, the first two of which complain that the court admitted in evidence over objection of appellants the affidavit which was attached as an exhibit to plaintiff's amended petition. The third point of which appellants complain was the overruling and not sustaining appellants' objection to the court's submission of Special Issue No. 2, for the reason that it did not include the proper measure of damages.

■ When the above affidavit was offered in evidence, appellee, who was the witness, testified that he himself had made the itemized list of materials and labor, and that he had prepared such list from the invoices of material and the labor tickets. However, he further testified that he knew of his own personal knowledge that each and every item of labor and materials contained in said list actually went into the construction of the motel, and further that the prices given were actually paid by him. The principal objection and the one urged by appellants was that the itemized list was hearsay. The method followed by plaintiff in presenting his evidence in this matter is not the approved method, the proper method being for plaintiff to have presented this evidence item by item, the witness using if necessary the itemized list as a memorandum to refresh his memory. However, in view of the testimony of appellee as to his personal knowledge as to each item and the cost thereof, we do not believe that the court abused its discretion in allowing the introduction of such itemized list over the objection that it was hearsay. 17 Tex.Jur. 528.

■ Appellants' third point related to their objection to the second issue submitted by the court inquiring of the jury as to what damages appellee suffered as a result of the wrongful termination or breach of contract on the part of defendants. The substance of appellants' objection to the submission of such issue was that it did not contain an instruction on the proper measure of damages. Said issue did not contain such an instruction, nor did the charge anywhere apprise the jury of the proper measure of damages, and we think the court should have given such an instruction. However, appellants did not submit to the court a substantially correct instruction and request the court to give it in connection with Special Issue No. 2, and in the absence of such a request it was not reversible error for the court to overrule appellants' objection. Rule 279, Texas Rules of Civil Procedure, the pertinent parts of which read as follows:

> "Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment."

It has been held that this rule applies in a case involving the measure of damages. Wenski v. Kabitske, Tex.Civ.App., 257 S.W.2d 153. See Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000, for a discussion on Rules 274 and 279, T.R.C.P.

Appellants contend that since plaintiff sued on two theories of recovery for damages, that an exception to Rule 279, supra, should be made when the court failed to submit the proper measure of damages, over objection, appellee having sued for damages for breach of contract, and in the alternative on quantum meruit, to require them to submit an instruction on the measure of damages would in effect be requiring appellant to elect for the plaintiff. We do not agree with appellants that the charge of the court put the appellants in that situation. The court submitted only one issue on damages, and that one for wrongful termination of the contract. We see no reason why appellants could not have requested an instruction on the proper

measure of damages to be given in connection with said damage issue without electing for the appellee, since no issue on quantum meruit was submitted.

We affirm the judgment of the trial court.