Hilman R. KNIGHT, Appellant,

v.

James O. STEWART, Appellee.

No. 14979.

Court of Civil Appeals of Texas.

Dallas.

July 8, 1955.

Rehearing Denied Oct. 7, 1955.

308

Charles C. Whitener, Dallas, for appellant.

Fred R. Brown, Garland, John Griggs and John F. Harrison, Dallas, for appellee.

YOUNG, Justice.

The suit relates to an intersectional collision of automobiles, occurring at Plano Road and Forest Lane, outside Dallas City limits. Plano Road is a north-south public way, some 30 feet wide, and Forest Lane, a four-lane east-west Highway with dirt parkway in between, each lane some 15 feet wide—middle parkway 10 feet—overall width, 70 feet.

A stop sign had been maintained on the Plano Road side of the intersection, but was broken down, when on December 25, 1953 defendant Knight approached same from the north; admittedly not seeing plaintiff Stewart, traveling east on Forest Lane, until he (Knight) was in the north part of Forest Lane, moving about 40 miles per hour. According to plaintiff, when he was some 75 feet west of the crossing, Knight was 25 feet north of same; Stewart having observed defendant earlier but assuming that he would stop before entering the intersection, or at least at the middle parkway of Forest Lane. The locality was open country, time about 8:30 at night.

The result was a collision, plaintiff skidding some 25 to 27 feet into defendant's car, striking it about middle of right side. Each car was damaged, the jury answering issues in favor of plaintiff, with judgment of $800 in accordance.

On the trial, several sets of issues were found against defendant Knight; such as failure to keep a proper lookout, to apply brakes, turn to the left, excessive speed; also issues 12 and 13: "Do you find from a preponderance of the evidence that Knight failed to yield the right of way to Stewart on the time and occasion in question? * * Yes." "Do you find from a preponderance of the evidence that such failure, if any, on the part of Knight to yield the right of way, was a proximate cause of the collision in question? * * * Yes." Plaintiff Stewart was acquitted of negligence on similar issues, inclusive of No. 25: "Do you find from a preponderance of the evidence that Stewart failed to yield the right of way to Knight on the time and occasion in question?" (Answer, No.) Corollary issue No. 26 on proximate cause concerning Stewart was not reached because of conditional submission of issue 25, preceding.

Regulatory of vehicular movements at public intersections and therefore material here, is section 71, Art. 6701d, V.A.C.S.: "Sec. 71. (a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway. (b) When two (2) vehicles enter an intersection from different high-

ways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right. (c) The right-of-way rules declared in subdivision (a) and (b) are modified at through highways and otherwise as hereinafter stated in this Article." An absence of proof that either of these thoroughfares is a "through highway", section 13(f), makes inapplicable the further provisions of section 73(a).

The court's charge embodied above provisions of section 71 in its definition of "right of way," as follows: "'Right of Way', as used herein, means the privilege of the immediate use of the highway.' In this connection, you are instructed that the driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway. However, when two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right." Relevant thereto, the court overruled defendant's motion for instructed verdict filed at close of evidence, reading: "The defendant had the right of way as a matter of law; that plaintiff failed to yield the right of way as a matter of law, since the uncontroverted evidence in this case shows defendant had proceeded into the intersection first and proceeded well through the intersection before it was ever entered by plaintiff in any manner, and under the laws and statutes of this State, * * * that right of way is defendant's as a matter of law." Likewise after trial, the court denied defendant's similar motion for judgment notwithstanding the jury verdict; said motion containing recitals of evidence which, Knight alleged, "conclusively" established his prior entry into the intersection and negligence per se as against plaintiff. Such is the substance of appellant's two points of appeal, arguing that Stewart's statutory failure to yield the right of way also concluded the issue of proximate cause adverse to plaintiff as a matter of law.

We turn to the evidence which will be discussed only so far as necessary to this opinion; without prejudice to a free development of material facts on retrial. The testimony of plaintiff Stewart has contradictory features; but, even so, fully supports the argument made that Knight had first penetrated the intersection (from the north) of Plano Road and Forest Lane. We quote from Stewart's narrative of the collision on redirect examination: "Q. You say the front of his (Knight's) car, when you applied your brakes real hard, was about the center of the north lane of Forest Lane where traffic would be going west on Forest Lane; is that right? A. Yes, sir. The Court: He so testified. Q. How far were you from that point and the edge of the intersection you were approaching? A. *Just about 10 feet or at the edge of it.*" And in his brief, there appears a like statement: "Appellee had slowed to approximately 25 miles per hour and *had reached a point 10 feet west of the intersection*, when he realized that the appellant had no intention of stopping in view of the fact that appellant was then about *half way through the north lane of Forest Lane and had not slackened his speed.*" (Above underscoring ours).

However, even if appellee's violation of section 71(a) be conceded, it does not follow that such prohibited movement on his part constitutes a proximate cause of the ensuing collision as a matter of law. "Whether an act of negligence was the proximate cause of an injury is a fact issue. This is true, even though the defendant is guilty of negligence per se. The issue as to whether the plaintiff's act or omission in violation of a statute was a proximate cause of the catastrophe may be submitted to the jury. * * *." 30-B Tex.Jur., Negligence, sec. 174, pp. 454, 455. "It is essential to the maintenance of an action for damages for personal injury, founded on the violation of a statute, to establish not only the violation, but that such violation was the proximate cause of the injury." Waterman Lumber Co. v. Beatty, 110 Tex. 225, 218 S.W. 363, syl. 1. See also 29 Tex., Dig., Negligence, ☞136

(25). Recent cases involving section 71 (a), Art. 6701d, have invariably made the issue of proximate cause (as corollary to the issue of failure to yield the right of way), one of fact for the court or jury. See Pressler v. Moody, Tex.Civ.App., 233 S.W.2d 165; Ferris v. Stableford, Tex. Civ.App., 248 S.W.2d 186; Wenski v. Kabitzke, Tex.Civ.App., 257 S.W.2d 153; Dansby v. Brown-College Traction Co., Tex.Civ.App., 271 S.W.2d 306; and Duplantis v. Martin, Tex.Civ.App., 266 S.W.2d 179, holding (syl. 2): "In action against motorist who had been approaching intersection from plaintiff's right for damages occurring to plaintiff's automobile when it collided with motorist's automobile in intersection, question whether motorist's own alleged excessive speed, rather than plaintiff's failure to yield right of way, was proximate cause of collision was for jury."

■ When the provisions of section 71 (a) are properly invoked by parties to an intersectional collision, the controlling issues relate to who first entered the intersection from a different highway, and/or whether the vehicles entered "at approximately the same time". Pressler's appeal, supra, in background of facts is strikingly similar to the situation at hand; and the San Antonio Court there suggests a proper method of determining liability between the parties, in so far as concerns section 71.(a). It was with respect to the primary issues just mentioned that the following statement was made [233 S.W.2d 166]: "An examination of the pleadings leads us to the conclusion that the two issues under attack were properly raised by the pleadings. Appellant alleged as his first ground of negligence, 'that at said time and place, the driver of defendant's automobile failed to yield the right-of-way to plaintiff.' Appellee in his cross-action alleged that appellant was negligent in that he 'failed to yield the right-of-way to the automobile which entered the intersection to his right as required by law.' In other words, each party alleged that the other failed to yield the right-of-way, and the court submitted preliminary fact issues for both plaintiff and defendant to determine which did have the right-of-way. Plaintiff, in order to claim the right-of-way, was required to show under his pleading that he was first in the intersection, since the other vehicle was in fact to his right. The defendant, in order to claim the right-of-way at least was required to show under his pleadings that the two vehicles reached the intersection at approximately the same time. The burden was upon each of the parties to prove their claim to the right-of-way, and until this was done no subsidiary issues could be submitted. * * *" (Emphasis ours.)

■ Manifestly, the court's method of submission in the instant case was not explicitly determinative of these issues, for which reason the same must be reversed and remanded for trial anew. Likewise untenable is the argument of appellee of sufficiency of evidence to justify a conclusion that the vehicles had entered the intersection at approximately the same time, absent a jury finding to such effect.

The judgment under review is accordingly reversed and remanded for another trial.