Hilman R. KNIGHT, Appellant,

v.

James O. STEWART, Appellee.

No. 14979.

Court of Civil Appeals of Texas.

Dallas.

Nov. 18, 1955.

To the Merits on Second Motion for
Rehearing Feb. 3, 1956.

Charles Whitener, Dallas, for appellant.

Fred R. Brown, Garland, and John F. Harrison, Dallas, for appellee.

YOUNG, Justice.

As held in original opinion, the record indicating that appellee Stewart was negligent per se in failing to yield the right of way to Knight (the latter having first entered the intersection), defendant's mo-

tion to such extent (though nominally for instructed verdict) should have been sustained. But essential to complete his defense concerning the contributory negligence of Stewart was a finding that such failure to yield the right of way was a proximate cause of the collision. There was evidence under which the jury could have answered the issue (No. 26) either way; and defendant did not object to the conditional nature of its submission. It is incumbent on a party asserting an affirmative defense, says the Supreme Court in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, at page 991, "to see that the jury answers all essential elements of the defense in his favor, or to object to the submission of the case to the jury in such manner that an answer on an essential element will be prevented. * * * It therefore follows, under the cases cited and under Rule 279, that petitioner waived its right to a jury answer on the unanswered issue on proximate cause and that this issue must be taken as having been answered by the court in such manner as to support the judgment."

Appellee's second motion for rehearing is sustained in part; that is, our opinion of July 8, 1955 withdrawn and judgment of reversal set aside. A resubmission of the cause is further ordered for Thursday, December 1, 1955 at 10:00 o'clock A. M., on question of affirmance of cause pursuant to Rule 279, T.C.P., and above cited case.

## To the Merits on Second Motion for Rehearing

A reconsideration of the record leads us to the conclusion that this cause should be affirmed on ground sufficiently set forth in Memorandum Opinion of November 18, 1955, on which date we sustained appellee's second motion for rehearing. Otherwise stated, defensive issue No. 26 on proximate cause was submitted conditionally without objection. We find it impossible to avoid the effect of Little Rock Furniture Mfg. Co. v. Dunn, supra, in the holding "that where the charge of the court instructs the jury to answer a special

issue only conditionally, and the jury in compliance with the instruction fails to answer the issue, a party who did not object to the conditional submission waives the right to have the issue answered and also necessarily waives the right to any benefits which he might receive from a favorable answer to such issue."

The judgment under review is therefore affirmed; readopting in such connection our statement of the case as made in original opinion (282 S.W.2d 307), save as hereinabove indicated.

Affirmed.