**BITUMINOUS CASUALTY COMPANY,**
Appellant,

v.

**Joe E. WHITAKER,** Appellee.

No. 3705.

Court of Civil Appeals of Texas.

Eastland.

April 20, 1962.

Rehearing Denied May 18, 1962.

---

Beckmann, Stanard, Wood & Vance, San Antonio, G. Curtis Jackson, Crystal City, for appellant.

G. Woodson Morris, Guy Bonham, San Antonio, for appellee.

GRISSOM, Chief Justice.

In a jury trial of a workmen's compensation case, judgment was rendered for the claimant against the insurance carrier for benefits resulting from findings of total permanent disability by the jury at the compensation rate of $35.00 per week, such rate being fixed by the court and, presumably, based upon its finding of average weekly wage. The insurer has appealed.

It was undisputed that the claimant was totally incapacitated as a result of an accident on March 17, 1959. Therefore, issue number 1 assumed such total incapacity and then inquired whether it was permanent or temporary. The jury found it was permanent. Issue 3 inquired whether Whitaker's total incapacity would be followed by partial. The jury was instructed that unless it had answered issue 1 "temporary" not to answer issue 3. Therefore, in accord with the court's instruction, the jury did not answer issue 3. An answer to issue 8 was conditioned upon an answer to issue 3 that claimant's total incapacity would be followed by partial incapacity. Issue 8 inquired what would be a fair and just average weekly wage. Since the jury had not so answered issue 3, in accord with the court's instructions, it did not answer issue 8. Nor did it answer issue 9, likewise conditioned, which inquired as to Whitaker's average weekly wage earning capacity during his partial incapacity.

Relative to the question now under consideration, the jury only answered issue 1. Although the question of what was a fair and just average weekly wage was submitted, because it was conditionally submitted, it was not answered by the jury. The insurance company contends the court erred in fixing claimant's compensation rate at $35.00 per week and that the court was without authority to do so because claimant's average weekly wage was a question of fact which had been submitted to the jury but not answered by it

We have carefully examined the record and have concluded that the pleadings and evidence raised a question of fact as to what was a fair and just average weekly wage under Subdivision 3 of Article 8309, Section 1. Rules of Civil Procedure, rule 279 provides that where a ground of recovery consists of more than one issue, if some issue necessary to sustain such ground of recovery, and necessarily referable thereto, is submitted to and answered by the jury, and one or more of such issues are omitted, without request or objection, and there is evidence to support a finding thereon, that such omitted issue "shall" be deemed found by the court in such manner as to support the judgment. Appellee says that the question of a fair and just average weekly wage was conclusively established. We cannot agree with this contention. The fact that the insurer pleaded that it had paid Whitaker compensation at the rate of $35.00 per week for 32 weeks did not conclusively establish that $35.00 was the compensation rate. The Supreme Court so held in Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991, 995. Based on such decision, we so held in Superior Insurance Company v. Griffin, Tex.Civ.App., 323 S.W.2d 607, 609. Without discussion of that question the Supreme Court affirmed our judgment. See Tex.Civ.App., 338 S.W.2d 415.

Appellee says that, if not conclusively established, we must presume the court found a fair and just average weekly wage

that would result in a compensation rate of $35.00 per week. We agree with this contention. What was a fair and just average weekly wage was an issue of fact. Like issue 1, it was an issue necessary to sustain claimant's ground of recovery, and necessarily referable thereto. It was one of the elements of claimant's ground of recovery. Under the circumstances, by such conditional submission, its submission was "omitted", without objection by appellant, within the meaning of R.C.P. 279. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 989; Colls v. Price's Creameries, Tex.Civ.App., 244 S.W.2d 900, 907, (Ref. N.R.E.); Pacific Employers' Insurance Company v. Brasher, Tex.Civ.App., 234 S.W.2d 698, 701 (Ref. N.R.E.); Bankers Standard Life Insurance Company v. Atwood, Tex.Civ.App., 205 S.W.2d 74, 77; Knight v. Stewart, Tex.Civ.App., 287 S.W.2d 748, 749; Bowers & Kelly v. Texas & Pacific Ry. Co., Tex.Civ.App., 275 S.W.2d 166, 167; Texas Employers' Insurance Ass'n v. Ray, Tex.Civ.App., 68 S.W.2d 290, 295, (Writ Ref.); Balcomb v. Vasquez, Tex.Civ.App., 241 S.W.2d 650, 656; Anderson v. Broome, Tex.Civ.App., 233 S.W.2d 901, 904. Under the circumstances we are required to presume that the trial court found as a fact a fair and just average weekly wage which would result in a compensation rate of $35.00. Walker v. Texas Employers' Insurance Ass'n, 155 Tex. 617, 291 S.W.2d 298, 303; R.C.P. 279. We, therefore, hold that the jury's answer to issue 1 and the court's presumed finding support the judgment rendered so far as it is based on findings of total permanent incapacity and such compensation rate.

We sustain appellant's points 4 and 5. The judgment includes a recovery of $750.00 for future medical expenses. Section 5 of Article 8307, as amended in 1957, prohibits the rendition of a judgment for future medical expenses in a workmen's compensation case.

The judgment includes $710.00 found by the jury to be the reasonable and necessary medical expenses incurred by the plaintiff before the trial. Appellant's contention that there is no evidence from which the jury could find such amount is overruled. We think there is some evidence in support thereof. Renfro Drug Company v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613, 23 A.L.R.2d 1114.

The judgment will be reformed to eliminate the recovery of $750.00 for future medical expenses. As so reformed, the judgment is affirmed.