SOUTHERN SAVINGS AND LOAN
ASSOCIATION, Appellant,

v.

W. Sale LEWIS, Savings and Loan Com-
missioner of Texas, et al., Appellees.

No. 5520.

Court of Civil Appeals of Texas,
Waco.

April 29, 1976.

Rehearings Denied May 27, 1976.

Clark, Thomas, Winters & Shapiro, Con-
rad P. Werkenthin, Mary Joe Carroll,
McKay & Wash, John J. McKay, Austin, for
appellant.

John L. Hill, Atty. Gen. of Tex., Thomas
M. Pollan, Asst. Atty. Gen., Larry E. Tem-
ple, Austin, for appellees.

HALL, Justice.

Our opinion in this cause dated April 8,
1976 is withdrawn, and the following opin-
ion is substituted therefor.

The charter application for a new savings
and loan association to be named Invest-
ment Savings And Loan Association and to
be located in Brownwood was approved and
granted by the Savings And Loan Commis-
sioner. On appeal to the District Court, the
Commissioner's order was affirmed. We
affirm the trial court.

The order granting the charter is dated
November 4, 1974. On the same day, the
Commissioner mailed a copy of the order to
the applicants' attorney, with a letter of
transmittal. In the letter, which also en-
closed the charter certificate, three certified
copies of articles of incorporation, three cer-

tificates regarding filing of and approval of articles of incorporation, and three certified copies of bylaws, the Commissioner stated, "These instruments are being delivered to you with the understanding and agreement that they are contingent on the following terms and conditions, and I shall expect full compliance [therewith]." Among the "terms and conditions" are these:

"a. The securing of insurance of accounts through the Federal Savings and Loan Insurance Corporation prior to opening with the understanding that if insurance is denied, the charter will be surrendered with the request for cancellation. You are to make your application for insurance of accounts immediately upon receipt of charter and to pursue same diligently for a determination.

"b. All stock issued and outstanding shall be immediately forwarded to the Savings And Loan Commissioner of Texas to be escrowed pending the securing of insurance of accounts from the Federal Savings And Loan Insurance Corporation. Escrowed stock will be returned to the Association after insurance is obtained . . . ."

The Commissioner's order unconditionally approves the application and grants the charter. The order does not mention the transmittal letter, nor incorporate any extraneous instrument as a part of its provisions. It is unambiguous, final, and complete in its terms, and contains all of the requisites for such order set forth in Sec. 2.08 of Article 852a, Vernon's Tex.Civ.St. It fully disposes of all issues before the Commissioner for determination.

■ Although the order of the Commissioner granting or refusing a charter application is an administrative decision reviewable under the substantial evidence rule, it has incidents and properties not unlike those attached to the judgment of a regularly constituted court, and it is similar in its effect to such judgment. It is the settled rule that extrinsic evidence is not admissible to amplify, modify, contradict, or otherwise vary a completed, unambiguous judgment; nor is it admissible to show the intention or understanding of the trial judge in rendering it. *Collins v. Ball,* 82 Tex. 259, 17 S.W. 614, 616 (1891); *Bexar County v. Hatley,* 136 Tex. 354, 150 S.W.2d 980, 987 (1941); 23 Tex.Jur.2d 570, Evidence, Sec. 382; 2 McCormick & Ray, *Texas Law Of Evidence* 470, Sec. 1615 (2d ed. 1956); 32A C.J.S. Evidence § 865, p. 233; 98 A.L.R. 1239. It is our view and holding that the letter of transmittal was not admissible on the trial to vary the terms of the order or to show that the Commissioner intended or understood that the granting of the charter was conditioned upon the securing of federal insurance by the applicants; and the trial court properly refused to consider it for this purpose. This holding disposes of the appellant's contentions that either (1) the letter renders the order conditional and interlocutory and the cause must therefore be returned to the Commissioner, or (2) the letter shows that the Commissioner intended to charter only a new federally insured savings and loan association and the matter must therefore be remanded for him to determine whether there is a need for a new association without regard to whether it can or will obtain insurance of its accounts. The holding also renders immaterial an exhibit containing certain federal guidelines which was offered by the protestants to show that the proposed new association and its directors could not qualify for federal insurance.

We do not decide the question of whether the Commissioner can legally condition the granting of a charter application on the securing of federal insurance of accounts. We simply hold that he has not done so here.

■ An exhibit offered by the applicants which contains biographical data about each of the proposed organizing directors of the new association was admitted into evidence over the objection that it was hearsay. A number of required findings made by the Commissioner in support of his order. approving the charter are based upon this

biographical information which, if it is hearsay, is legally insufficient to support the findings.

The exhibit was offered during the testimony of the witness Barnes, who is also an applicant-organizer and proposed director. He testified that the biographies were prepared by each of the individuals indicated; that he was personally acquainted with each of the individuals; that the biographical information contained in the exhibit is correct. Specifically, he testified that though the data was not prepared by him it was assembled by him; that he is "personally acquainted with each and everyone" of the individuals to whom the data relates; and that "to the best of my knowledge, the information contained in those biographies [is] true and correct . . . I've known each one of these men for many years and I know the data, in generalities, the data on their biographical data sheets to be absolutely factual. I said I had not verified every specific item."

All of the individuals listed in the biographical sheets, including the witness Barnes, reside in Brownwood. The information related on each in the exhibit is uniform and includes personal data such as birth date, marital status, family, and residence; formal education; business and professional background, interests, and memberships; community involvement; and personal honors. No objection was made with respect to the actual knowledge of the witness of the information in the exhibit; and he was not seriously cross-examined as to his personal knowledge thereof.

The record does not show that it is impossible for the witness to have had sufficient personal knowledge to verify the biographical information in the exhibits. In view of his testimony that he is personally familiar with the data and that it is correct, the exhibit is not objectionable as hearsay. *Dodson Brothers Builders v. Adkins,* 275 S.W.2d 143, 145 (Tex.Civ.App.—El Paso, 1954, no writ hist.); *Richardson v. Missouri–K.–T. R. Co. of Texas,* 205 S.W.2d 819, 823 (Tex.Civ.App.—Fort Worth, 1947, writ dism.); *Panhandle & S. F. Ry. Co. v. Clar-*

*endon Grain Co.,* 215 S.W. 866, 867 (Tex.Civ. App.—Amarillo, 1919, no writ hist.); *Texas & P. Ry. Co. v. Birdwell,* 86 S.W. 1067, 1068 (Tex.Civ.App., 1905, no writ hist.); 1 McCormick & Ray, *Texas Law Of Evidence* 578–81, Sec. 793 (2d ed. 1956). This is so even though the witness might not be familiar with "every specific item" in the exhibit. *Texas Employers' Insurance Association v. Rogers,* 368 S.W.2d 21, 24 (Tex. Civ.App.—Amarillo, 1963, writ ref., n. r. e.); *Norris v. Lancaster,* 280 S.W. 574, 576 (Tex. Com.App., 1926); 24 Tex.Jur.2d 64, Evidence, Sec. 561.

The information contained in the exhibit is substantial and fully supports the findings based thereon.

The appellant's remaining points and contentions are without merit. All are overruled. The judgment is affirmed.